LOUIS M. CORNISH AND CHARLES A. TINKER, RESPONDENTS, *v.* MAURICE S. WORMSER, APPELLANT.

*Discovery and inspection allowed to prepare a bill of particulars — particularity of description required in the moving affidavit.*

The court has power, in a proper case, to order a discovery or inspection of books and papers to enable a party to frame a bill of particulars.

The affidavit and order in such a proceeding should definitely describe the books and papers to be produced, so that the party proceeded against may know what to admit or deny, and that the court may know, when books and papers are produced, whether or not they are such as the order calls for.

Appeal by the defendant from an order, made at a Special Term of the Supreme Court in the county of New York, and entered in the office of the clerk of the county of New York on the 12th day of February, 1889, denying a motion made by the plaintiffs for a dis. covery and inspection of certain books and papers alleged to be in the possession of the defendant.

*Henry Melville*, for the appellant.

*Frederick Seymour*, for the respondents.

Van Brunt, P. J. :

We are of the opinion that the court in a proper case has the power to order a discovery or inspection of books and papers to enable a party to frame a bill of particulars. (*Ball* v. *Evening Post Publishing Co.*, 48 Hun, 149.)   It is true that Rule 14 speaks of applications for discovery for the purpose of enabling a party to frame his complaint or answer ; but it also provides that either party may be compelled to make discovery as provided by article 4, title 6, chapter 8 of the Code of Civil Procedure.   This rule is passed pursuant to section 804 of said Code, which provides that the general rules of practice must prescribe the cases in which discovery may be had in any case authorized by the Code.   Section 803 authorizes such a discovery in any action in reference to any books and papers relating to the merits of the action or of the defense therein.   Thus Rule 14 contains no restriction, but the general authority exists to order such discovery at any stage of the action in furtherance of justice.

We think, however, the order appealed from was right because there was no specification of the books and papers as to which discovery is sought, and nothing but surmises as to their contents.   The affidavits and order should definitely describe the books and papers to be produced, so that the party proceeded against may know what to admit or deny, and, also, so that the court may know when books and papers are produced whether or not they are such as the order calls for.   An order for discovery must be reasonably definite and explicit and cannot be so vague that what books and papers are desired cannot be determined by the court upon a reading thereof.

For these reasons the order appealed from must be affirmed, with ten dollars costs and disbursements, with leave to renew motion upon payment of these costs and disbursements.

Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to renew motion upon payment of these costs and disbursements.