HALSTED v. HALSTED et al.

(Superior Court of New York City, General Term. May 1, 1893.)

DISCOVERY—INSPECTION OF LETTERS.

    A motion for an inspection of certain letters written to plaintiff, and in her possession, is properly denied, when the contents of the letters are undisclosed, and it is uncertain that they contain anything that would benefit defendants if offered as evidence, and the application does not avow specifically that the contents, if learned, would be offered in testimony on the trial.

Appeal from special term.

Action for an admeasurement of dower by Florice Von Ax Halsted against Jacob H. Halsted, James M. Halsted, Cornelia R. Little, Mary M. Halsted, and Anna B. Halsted, heirs of Jacob Halsted, deceased, and against Jacob H. Halsted, James M. Halsted, and Jacob H. Purdy, as executors, etc., of deceased, and the New York Realty Company and Walter Lawrence. Defendants moved for an inspection of certain letters written to plaintiff by decedent, and in her possession. The order was denied, and defendants appeal. Affirmed.

For decision on appeal from an order denying defendant's motion for an additional bill of particulars, see 22 N. Y. Supp. 384.

Argued before SEDGWICK and McADAM, JJ.

Platt & Bowers, (John M. Bowers, of counsel,) for appellants.

Lewinson & Falk, for respondent.

PER CURIAM. There were certain characteristics of the application below which justify the decision that was made. It was uncertain that the letters contained anything that would benefit the defendants, if offered as evidence. Indeed, the contents are undisclosed. The application does not avow specifically that the contents, if learned, will be offered in testimony upon the trial.

Order affirmed, with $10 costs.