## EDRIC S. ROBBINS *vs.* BROCKTON STREET RAILWAY COMPANY.

Plymouth.    October 15, 1901. — October 29, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Practice, Civil,* Motion for new trial, Matters of discretion. *Interrogatories,* When defendant is a corporation.

A party to a suit who has failed to except to a ruling at the trial cannot reopen the question as matter of right by asking for a contrary ruling on a motion for a new trial. His only remedy is to appeal to the discretion of the trial judge.

Interrogatories were addressed to the president of a street railway company under Pub. Sts. c. 167, § 53, in an action against the corporation for injuries caused by a collision of an electric car of the defendant with an ice cart which the plaintiff was driving. *Held,* that if the servants of the defendant concerned were still in the defendant's employ and within convenient reach, the president could be required to inquire of them concerning facts which the plaintiff had a right to know, and if the result of the inquiry was to satisfy the president's mind in regard to any of the material facts or circumstances, he must answer interrogatories in proper form which called for them. *Held, also,* that under the foregoing rule the witness must answer questions concerning the conduct of the corporation at the moment of the accident or just before, this being material to the plaintiff's case, although the defendant's case might consist in presenting a different view of what these facts were. *Held, also,* that the question "State everything else that was done by the defendant, its agents or servants, to avoid the accident," although it might be too vague if it stood alone, should be answered when following a series of specific questions asking for the particulars of the conduct of the defendant at the time of the accident. *Held, also,* that the witness could not be required to offer an opinion on the general issue of the case or to state his view of it, and to that extent disclose his defence. Therefore, that he could not be compelled to answer the interrogatory "What caused the collision?" or the interrogatory "In what respect were the defendant, its agents or servants, guilty of negligence in causing the accident?" apart from other objections. *Held, also,* that if, when asked "What approximately was the fastest speed of the car at the time, and after the time the cart was first seen by either the motorman or conductor?" or any other question, the president can say with truth after reasonable inquiry, that he is unable to ascertain what the facts are, an answer to that effect would be enough. *Held, also,* that the plaintiff cannot compel the defendant's president to get up his case for him. Therefore, he cannot ask what particular witnesses would testify. On this ground questions were held objectionable which asked, where the cart was when first seen by the motorman, and where it was when first seen by the conductor, and which called for a statement of all that the motorman or conductor or both saw of the cart. *Held, also,* that the witness need not answer the question "What are the respective ages of the motorman and the conductor?" as this called for information which the defendant was not presumed to have by reason of its relation of master, and was not bound to obtain for the plaintiff's benefit.

PETITION to establish the truth of exceptions in an action of tort for damages for personal injuries caused by a car of the defendant coming into collision with an ice cart which the plaintiff was driving. Also a bill of exceptions allowed in the same case, relating to interrogatories. Writ dated September 22, 1899.

At the trial in the Superior Court, before *Bell*, J., the jury returned a verdict for the defendant. No exceptions were taken by the plaintiff at the trial to the judge's charge, nor did he call the attention of the judge to any error in it, nor suggest any directions or changes. The plaintiff filed a motion for a new trial. The commissioner appointed to hear the plaintiff's petition found, that at the hearing on the motion for a new trial the plaintiff asked the judge to rule that certain expressions contained in the charge were expressions of opinion sufficient as a matter of law to entitle the plaintiff to a new trial, and that certain portions of the charge were argumentative. The judge refused to make the rulings requested, and overruled the plaintiff's motion. The plaintiff presented a bill containing exceptions to the ruling of the court on the motion for a new trial, in which he stated that the judge as a matter of law ruled, that if the charge contained expressions of opinion they were remedied by additional instructions, and that the expressions referred to by the plaintiff were not expressions of opinion. The exceptions were disallowed, the judge stating that he overruled the motion for a new trial as a matter of discretion and not as a ruling of law, as stated by the plaintiff in the bill of exceptions.

The second bill of exceptions to the refusal of the judge to order the defendant's president to answer certain interrogatories put by the plaintiff was allowed. The interrogatories which the plaintiff sought to have answered were as follows:

"4. What caused the collision? State fully.

"5. Where was the cart when it was first seen by the motorman, stating as near as you can the exact spot, and stating approximately how far it was from the car?

"6. Where was the cart when it was first seen by the conductor, stating as near as you can the exact spot, and stating approximately how far it then was from the car?

"7. State all the motorman or conductor or both saw of the cart, its different positions and movements, and how and where

it went, and all that it did, and what course or courses it took, from the time it was first seen by either of them until the time of collision.

" 8. What approximately was the fastest speed of the car at the time, and after the time the cart was first seen by either the motorman or conductor ?

" 9. When did the car lessen its speed on account of the cart's movements or proceedings, giving as near as possible the exact spot of location of both car and cart, and the approximate distance from each other.

" 10. Prior to the above lessening of speed, state what and all that was done, and the order in which it was done to notify the plaintiff that the car was approaching.

" 11. State all that was done to lessen the car's speed, and in the order in which they were done.

" 12. After beginning the above lessening of speed, state in the order in which it was done all that was done to notify the plaintiff of the approaching car.

" 13. State everything else that was done by the defendant, its agents or servants, to avoid the accident.

" 14. In what respect were the defendant, its agents or servants, guilty of negligence in causing the accident ? State fully and explicitly."

" 23. What are their respective ages ? "   [That is, of the motorman and the conductor.]

*C. B. Snow, Jr.*, for the plaintiff.

No counsel appeared for the defendant.

HOLMES, C. J.   There are two bills of exceptions in this case. One of them was to alleged rulings and refusals to rule upon a motion for a new trial. This bill the judge disallowed.   He also certified that he overruled the motion for a new trial on grounds of discretion and not upon a ruling of law.   The case was sent to a commissioner, who reports that at the hearing on the motion the plaintiff's counsel asked rulings that certain expressions in the charge were expressions of opinion sufficient to entitle the plaintiff to a new trial, and that certain portions of the charge were argumentative.   No exception to the charge was saved.   With regard to this bill it is enough to say that a party who has failed to except to a ruling at the trial cannot reopen

the question as matter of right by asking a contrary ruling upon a motion for a new trial. His only remedy is an appeal to the discretion of the judge. *Parker* v. *Griffith*, 172 Mass. 87, 88. *Sullivan* v. *Boston Bar Association*, 170 Mass. 504. *Commonwealth* v. *Morrison*, 134 Mass. 189.

The other bill of exceptions is to a refusal of the court to order the defendant's president to answer certain interrogatories. The general principles to be applied are settled by *Gunn* v. *New York, New Haven, & Hartford Railroad*, 171 Mass. 417. The president stands in the place of the corporation, Pub. Sts. c. 167, § 53, and the corporation, being reputed to have done whatever its servants did in the course of their employment, is supposed to know what they did, and therefore cannot shelter itself under a general profession of personal ignorance on the part of its president. Compare *Bolckow* v. *Fisher*, 10 Q. B. D. 161, 171 ; *Attorney General* v. *Rees*, 12 Beav. 50, 54, 55. Of course the knowledge of the corporation is a fiction and therefore its obligation to answer is not to be pressed beyond what is reasonable, as was explained in the case cited. But if in the case of an accident like the present the servants concerned are still in the employ of the company and within convenient reach, they must be inquired of concerning facts which the plaintiff has a right to know. If the result of inquiry is to satisfy the president's mind as to any of the material facts or circumstances, he must answer interrogatories in proper form which call for them.

The eighth to the thirteenth interrogatories concern matters as to which the plaintiff has a right to inquire. They concern material facts in his case, that is to say, the conduct of the corporation at the moment of the accident, or just before. The facts are part of the plaintiff's case none the less that the defendant's case may consist in pressing a different view as to what the facts were. They are like the place where the plaintiff fell and the time during which the mats over which she alleged that she tripped had been in the same position before the date of the accident, concerning which it was held that an interrogatory must be answered in *Toland* v. *Paine Furniture Co.* 179 Mass. 501. Therefore the plaintiff was entitled to an answer to these interrogatories subject to what we are about to say. The thirteenth might be too vague if it stood alone, but it

is only a residuary clause put in to gather up whatever may be left untouched by specific inquiries intended to exhaust the case.

But the right to interrogate is not a right to abridge the other party's right to try any fairly doubtful fact. Still less is it a right to require him to offer an opinion on the general issue of the case, or to state his view of it and to that extent to disclose his defence. Therefore the judge was right in refusing to compel an answer to the fourth interrogatory, " What caused the collision ? State fully." See *Bechervaise* v. *Great Western Railway,* L. R. 6 C. P. 36, 38. So as to the fourteenth, apart from other objections. And if, with regard to the eighth or any other, the president can say with truth, after reasonable inquiry, that he is unable to ascertain what the facts are, an answer to that effect would be enough. So again, as is said in 171 Mass. 421, the interrogator cannot compel the other party to get up his case for him. Therefore he cannot ask what particular possible witnesses would testify. It seems to us that, although they have another aspect, the fifth, sixth and seventh interrogatories practically are questions of this sort. The twenty-third calls for information which the defendant is not presumed to have by reason of its relation of master, and which therefore it is not bound to obtain for the plaintiff's benefit.

*Exceptions sustained.*