BOCK et al. v. INTERNATIONAL NAV. CO.

(District Court, D. Massachusetts. July 14, 1903.)

No. 1,465.

1. ADMIRALTY—PLEADING—INTERROGATORIES.
Under admiralty rule 23 the libelant in a suit against a corporation may attach to his libel interrogatories to be answered by an officer of the corporation named therein.

2. SAME—INTERROGATORIES TO OFFICER OF CORPORATION.
Officers of a corporation respondent may be interrogated in admiralty by questions attached to the libel as to matters relevant to the issues, whether such matters are within their personal knowledge or are known to them through information received in their official capacity, the right being limited, however, to questions which do not unduly pry into the defense upon which respondent relies, and which are concerned with issuable facts.

In Admiralty. On exceptions to interrogatories annexed to libel.

Solomon Lewenberg, for libelants.
Putnam & Putnam, for respondent.

LOWELL, District Judge. The following interrogatories were annexed to the libel in this case: (1) What is your full name, residence, and occupation? (2) How long have you been connected with the International Navigation Company, and in what capacity? (3) Did the International Navigation Company own or control the steamship New York from March 1, 1901, to March 18, 1901? (4) For how long a period previous to March 1, 1901, did said International Navigation Company own and control said steamship? (5) When was said ship built? (6) On or about March 14, A. D. 1901, was there an explosion or other chemical action on said steamship, which caused ammonia fumes to escape into an apartment on said steamship used or occupied by passengers? (7) When was the receptacle or tank from which said ammonia fumes escaped first constructed and placed on said steamship? (8) For what was said tank or receptacle used? (9) Give dimensions and measurements and capacity of said tank or receptacle? (10) Was said tank or receptacle inspected since it was first put in for use on said steamship? (11) If answer to Int. 10 is in the affirmative, give the names of such persons making said inspection, their last known residence and addresses, and the dates when said inspections were made. (12) Did any of the servants or agents of said International Navigation Company repair said tank or receptacle after the fumes escaped therefrom? (13) Give the names and addresses and last known residences of said persons making said repairs. (14) Has any part of said tank or receptacle been removed by the servants or agents of the respondent? (15) If answer to Int. 14 is in the affirmative, state for what reasons said parts were removed. (16) If answer to Int. 14 is in the affirmative, give reasons for said removal, and state where said parts were removed to, and where are they now. (17) What was the cause of said escape of ammonia fumes from said tank or receptacle? Answer fully. (18) Has your company, or any of its servants or agents, ever caused a chemical analysis

of the materials used in said tank or receptacle? (19) If answer to Int. 18 is in the affirmative, state results of analysis. (20) Are Herbert Maynard and John H. Child doing business in Boston, in said district, as Maynard & Child, the general agents for New England States of the said International Navigation Company; and, if so, for how long a period have they been such general agents?

The libelee excepted thereto:

1. Because under admiralty rule 23 and the general practice in admiralty it is not permitted to interrogate the officers of a corporation libelee. That rule 23 should be given some effect as against a corporation libelee seems clear. Unless there is some reason to the contrary, not based upon mere form, a libelant is entitled to the like information from an individual and from a corporate libelee. If all information is not to be denied him, he must be allowed either (1) to address his interrogatories to the corporation in form, though in fact they are to be answered by its officers, or (2) to interrogate the officers directly. The second course seems admissible, as the more convenient, and as not outside the fair intention of the rule. Either way the result is practically the same.

2. Because the officers of the corporation cannot be interrogated except as to matters within their personal knowledge. Where the interrogation of officers is allowed by statute or by court rule, they are ordinarily required to answer interrogatories addressed not only to their personal knowledge, but to their information. This is true where there is no express·provision for such answers in the statute or rules. Gunn v. New York, New Haven & Hartford R. R., 171 Mass. 417, 50 N. E. 1031; Robbins v. Brockton Street Railway, 180 Mass. 51, 61 N. E. 265. The information of the officer interrogated is ordinarily, if not always, the knowledge of the corporation. The information thus called for is only that received by the officer in his official capacity.

It was urged that interrogatories in admiralty are not like those permitted in equity or by statute, inasmuch as they are not evidence for the deponent. This is asserted on the authority of The Serapis (D. C.) 37 Fed. 436, 442, and Havermeyers v. Compania Transatlantica (D. C.) 43 Fed. 90; but the authorities relied on in the case last mentioned do not all of them sustain the proposition to support which they are cited. In The L. B. Goldsmith, Fed. Cas. No. 8,152, the court held merely that answers to interrogatories are not conclusive evidence for either party. In Cushing v. Laird, Fed. Cas. No. 3,509, no reasons were given for the ruling, and the decision of the District Court was reversed on appeal, though upon another ground. The case of Cushman v. Ryan, 1 Story, 91, 103, Fed. Cas. No. 3,515, is apparently in point, so far as its language is concerned; but a closer examination shows that Mr. Justice Story probably had in mind only that response to the allegations in the libel which is made by an ordinary sworn answer. He relied expressly upon the opinion of Judge Ware in Hutson v. Jordan, Fed. Cas. No. 6,959. But Judge Ware, in The David Pratt, Fed. Cas. No. 3,597, drew a distinction between the response made to a libel by the ordinary sworn answer and the response made to special interrogatories, saying:

"The master, by answering these interrogatories, would make his answers evidence; for, though the general answer of the respondent is not properly evidence any further than the charges in the libel, which are equally verified by oath, yet the answers to special interrogatories, which are sometimes subjoined to the libel and sometimes put at the hearing, are evidence."

And in Jay v. Almy, 1 Woodb. & M. 262, 267, Fed. Cas. No. 7,236, Mr. Justice Woodbury said:

"Each party in admiralty has a right, if he chooses, to the answer under oath of the other; and, if not so answering when requested, he may take the fact pro confesso. If an answer be given when asked for, it is evidence for either side."

It is not necessary now to decide if the answers to these interrogatories will be evidence for the deponent. The conflict of authority is stated in order that the correctness of the opinion expressed in the Serapis, in Havemeyers v. Compania Transatlantica, and in Benedict's Admiralty Practice, § 519, be not assumed without further consideration. In Gammell v. Skinner, 2 Gall. 45, Fed. Cas. No. 5,210, Mr. Justice Story likened interrogatories in admiralty to those in equity. Care must be taken not to allow the libelant by interrogatories to pry unduly into the defense upon which the libelee relies; and, as was said in Robbins v. The Brockton Street Ry., 180 Mass. 51, 61 N. E. 265, "The interrogator cannot compel the other party to get up his case for him." In the Havemeyer Case it was held that only such interrogatories should be allowed as were concerned with issuable facts.

The libelee further excepts to interrogatories 8 and 9, because they are intended thus to pry into the libelee's case. Upon the whole, however, I think these interrogatories should be answered. To interrogatories 10, 11, 12, 13, 14, 15, 16, and 17 exception is taken on various grounds, and, as the interrogatories are objectionable on the grounds above stated, they need not be answered. I have some doubt about interrogatories 18 and 19, but, upon the whole, deem them admissible. Interrogatory 20 is not further objected to.

The exceptions to interrogatories 10 to 17 are sustained. The exceptions to the other interrogatories are overruled.