GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF IOWA, Plaintiff, v. THE WEBSTER COUNTY DISTRICT COURT and C. G. LEE, Judge, Defendant.

**Evidence:** PRODUCTION OF BOOKS AND PAPERS: PETITION: SCOPE OF REMEDY. The statute providing for the production of books and papers in the possession of the adverse party contemplates that the petitioner shall state the facts expected to be proven by such evidence with reasonable certainty, and he must show that such facts are material to the petitioner's action; but the statute does not require the adverse party to disclose the evidence upon which he relies.

In this action upon a policy of insurance based upon the disappearance of the insured the petition is held sufficiently specific; but as the ultimate fact to be proven by a production of the records and papers sought was the death of the insured, the order of the court requiring the company to produce any and all records in its possession tending to show that the insured was living or dead, was too broad, in that it would compel a disclosure of the entire record evidence which the company might have in defense of the action, without regard to its materality with respect to the plaintiff's case.

*Certiorari* proceedings. The opinion states the case.— *Affirmed*.

SATURDAY, MARCH 11, 1911.

*C. C. Dowell, H. W. Stowe,* and *Kelleher & O'Connor,* for plaintiff.

*B. B. Burnquist* and *Healy & Healy,* for defendant.

SHERWIN, C. J.—Elizabeth A. Cunningham brought an action against the Grand Lodge of the Ancient Order of United Workmen of Iowa to recover on a certificate of membership issued to her husband, T. A. Cunningham, in 1895, in which she was named as the beneficiary. She alleged in her petition that said T. A. Cunningham left his home in Ft. Dodge, Iowa, in December, 1900, and that in December, 1901, he disappeared from the place where he was then making his residence, and has not since that time been heard from by any of his family, relatives, or friends; that more than "seven years have elapsed since any information concerning said T. A. Cunningham has been had or received by any member of his family;" and that the plaintiff believed that the said T. A. Cunningham died in December, 1901. It was further alleged that, by reason of the said absence and disappearance of the said T. A. Cunningham for more than seven years last past, the policy sued on had matured, that, according to the terms of said policy, the sum of $2,000 of the beneficiary fund of the order was due the plaintiff upon the death of Cunningham, and that there are ample funds in the said beneficiary fund of the defendant order to pay said amount. The defendant answered, denying generally, and specifically denying that Cunningham was dead. Thereafter the plaintiff filed a petition in that action asking that the defendant therein be required to produce "all the books and records of said defendant company in the custody of said defendant, showing all assessments made for the beneficiary fund of said company within two years, showing amount of moneys on

hand in said fund, . . . and all records of the finance
committee for the past two years showing the action, if
any, taken by said committee upon the claim of the plain-
tiff herein, and all records of said committee or other offi-
cers of the defendant company in whom the duty of ad-
justing or paying losses rests, including all letters or rec-
ords of investigation as to the death or disappearance of
the deceased, T. A. Cunningham." The petition further
alleged "that plaintiff desires all said books, records, and
papers for the purpose of inspecting and copying, and
that said books, records and papers are material, in that
the plaintiff believes that said records will show . . .
that the defendant company has made investigations of the
death of the said T. A. Cunningham, and that said records
and books will show that the said T. A. Cunningham is,
in fact, dead." Due notice of the filing of this petition
was given the defendant, and it appeared in response there-
to and contested it. Thereafter an order in the following
form was made, so far as the same is material to our pres-
ent inquiry: "Defendant will also produce any and all
records and documentary evidence in its possession tend-
ing to show that the insured is living or dead." This
*certiorari* proceeding is for the purpose of determining the
correctness of the order quoted. That part of the general
order requiring the production of the records for the pur-
pose of learning the financial condition of the defendant
order is not assailed, and needs no further attention.

Code, section 4654, provides that the court may in
its discretion "by rule require the production of any papers
or books which are material to the just determination of
any cause pending before it for the purpose of being in-
spected and copied by or for the party thus calling for
them." The section following, 4655, prescribes the prac-
tice under section 4654 in the following language so far
as the same is material here: "The petition for that pur-
pose must state the facts expected to be proved by such

books or papers . . . . and must show wherein they are material. The rule shall thereupon be granted . . . if the court deems such rule expedient and proper." It is proper to consider the purpose and scope of this statute before applying it to the instant case. It is a development of the old equity practice permitting a bill of discovery of the facts in the knowledge of an adverse party or of deeds or writings, or other things, in his custody or under his control, for the purpose of enabling the party asking therefor to prosecute or defend an action. *Townsend v. Lawrence,* 9 Wend. (N. Y.) 458. And, being analogous to such equity practice, it may be construed in the light of the rules governing it. The evident purpose and design of the statute is to furnish a litigant a speedy and summary way by which under the order of the court he may obtain written evidence material to his action or defense which is in the possession and control of his adversary. The statute itself says that the petition must state the facts expected to be proved by such books and papers, and must show wherein they are material. It is manifest, therefore, that the facts expected to be proved by such books and papers must be shown to be material to the petitioner's action or defense. This seems to be very clear from the language of the statute itself, and it seems equally as clear to us that the statute does not require the adversary to disclose the evidence upon which he relies in his action or defense. This is the construction that has generally been given similar statutes. *Lester v. People,* 150 Ill. 408 (23 N. E. 387, 37 N. E. 1004, 41 Am. St. Rep. 375); *Hoyt v. Bank,* 1 Duer (N. Y.) 655; *Ahlymeyer v. Healy,* 12 N. Y. St. Rep. 677. And see note in 41 Am. St. Rep. 387. The books and papers called for should be designated with reasonable certainty. *Eschbach v. Lightner,* 31 Md. 528; *Cornish v. Wormser,* 53 Hun 40 (5 N. Y. Supp. 889); *Halstead v. Halstead,* 3 Misc. Rep. 618 (23 N. Y. Supp. 191).

With this purpose of the statute and these general rules in mind, let us examine the petition and the order of the district court. The petition says that "the records and books above described will show that the said T. A. Cunningham is dead." And the records "described" are all records of the finance committee and of other officers of the company "in whom the duty of adjusting and paying losses rests, including all letters or records of investigation as to the death or disappearance of" said T. A. Cunningham. The death of Cunningham was the ultimate fact that the petitioner expected to prove by the records and papers, as alleged, and that proof of such fact was material can hardly be controverted. It is true the petition does not go into the details of the facts constituting proof of the death of Cunningham, but we do not think that was necessary. The ultimate fact must be proved before a recovery could be had, and any papers or books which tended to prove such fact could be called for. It is not to be presumed that the petitioner is advised of the details of the evidence that may finally establish a given fact, and we think no more specific statement thereof should be required in this case. From the very nature of the case it would be impossible for the plaintiff to designate with particularity the letters or records throwing light upon the disappearance and death of Cunningham. We are of the opinion, therefore, that the petition was as specific in that respect as should be required under the statute. But the petition evidently asked too much, and the order of the court granted too much. As we have already said, the plaintiff was only entitled to such books and papers as would tend to show the death of her husband, while the petition and the order would compel the defendant order to disclose its entire record evidence in defense of the action, if it had any, and this without reference to whether it was material or pertinent to the plaintiff's action or not. Under the statute and under practically all of the authorities, a party can

not ask or compel an examination of immaterial books and papers nor such as tend only to disprove the plaintiff's claim. *Robbins v. Brockton Ry. Co.*, 180 Mass. 51 (61 N. E. 265); note, 41 Am. St. Rep., *supra;* 6 Ency. Pl. & Prac. 809. The plaintiff was and is entitled to the production of such books and papers as will tend to show the death of T. A. Cunningham, and the order should have been so limited. The order is therefore modified, and, as modified, it is *affirmed.*  -