The TRANE COMPANY et
al., Plaintiffs,

v.

Philip M. KLUTZNICK, Secretary of
United States Department of Commerce et al., Defendants.

No. 78-C-413.

United States District Court,
W. D. Wisconsin.

Aug. 11, 1980.

Gary R. Roberts, Covington & Burling, Washington, D. C., for plaintiffs.

Neil H. Koslowe, Sp. Litigation Counsel, Civ. Div., U. S. Dept. of Justice, Frederick J. Erhardt, Asst. U. S. Atty., Madison, Wis., Pamela M. Breed, Deputy Asst. Gen. Counsel, Enforcement and Litigation, U. S. Dept. of Commerce, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The Trane Company and one of its employees, Maurice Bouchard, brought this action seeking to have certain portions of the Export Administration Act of 1969 (EAA of 1969) and the regulations enacted pursuant to it declared unconstitutional. During the pendency of the lawsuit, the EAA of 1969 expired and in its place Congress enacted the Export Administration Act of 1979, 50 U.S.C. App. § 2401 et seq. (Act). Because the pertinent sections of the old and new act are very similar, the Court finds that there is still a continuing controversy and it shall resolve the present motions with reference to the new Act.

Section 8 of the Act, 50 U.S.C. App. § 2407, governs the conduct of citizens of the United States with respect to foreign boycotts. This section authorizes the President of the United States to prohibit any United States person from complying with, furthering or supporting any "boycott fostered or imposed by a foreign country against a country which is friendly to the United States." Among the prohibited actions are the furnishing of information regarding a corporation's business relationship with a boycotted country or any of its nationals and the furnishing of information concerning the ethnic or religious background of its employees and officers. Furthermore, any United States corporation which is requested to furnish such information must report the fact to the Secretary of Commerce. 50 U.S.C. App. § 2407(b)(2). Violations of the statute can result in both criminal and civil prosecutions. 50 U.S.C. App. § 2410.

The plaintiff corporation manufactures air conditioning, refrigerating and heat transferring units and is actively engaged in the sale of these products to members of the League of Arab States, which is currently conducting an economic boycott of Israel and of all corporations doing business with Israel. Maurice Bouchard is Trane's Manager for Export Sales and he devotes

the majority of his time to Trane's business with Arab League countries. Plaintiffs contend that their constitutional rights under the First, Fifth and Ninth Amendments are being violated by the operation of the Act. Plaintiffs have named as defendants the Secretary of Commerce, the Assistant Secretary of Commerce for Industry and Trade, the Attorney General and the President of the United States. These officials were named because they are all directly involved with the operation and enforcement of the Act. *See* 50 U.S.C. App. §§ 2407, 2410–11; 15 CFR § 369 (1979).

In December of 1978, plaintiff served interrogatories on the President. In defining the scope of the interrogatories addressed to the President, the plaintiff stated that "you" and "your" shall mean the President and "all officials, employees, and agents of the United States Departments of Commerce, Justice, State or Treasury or of the Executive Office of the President or the White House Office of the President or any division or agency thereof, including the officials and employees of the United States embassies and consulates and members of the League of Arab States." (Plaintiffs' First Set of Interrogatories I B). Defendants, after a series of delays, answered plaintiffs' first set of interrogatories but objected to the definition set forth above and refused to furnish information from the State and Treasury Departments.

Consequently, plaintiffs have filed a motion to compel, pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiffs assert that they are entitled to complete answers from the President based on information contained in the files of the State and Treasury Departments because this information is under the President's control. Because the President is charged with the duty to implement and enforce the boycott provisions of the Act, (50 U.S.C. App. § 2407), and because the State and Treasury Departments gather information on Arab boycotts, the plaintiffs argue this information must be available to the President to formulate the policies, rules, and regulations provided for under the Act. *See* 50 U.S.C. App. § 2407; 26 U.S.C. § 999.

Furthermore, in view of the President's statutory duty to formulate such rules and regulations as well as his constitutional authority over the State and Treasury Departments, the plaintiffs maintain that he has control over the information sought.

In support of their position, plaintiffs rely on a number of cases where the courts have either directly or by inference approved of the very broad use of interrogatories in actions involving the government. In *United States v. American Telephone & Telegraph Co.*, 461 F.Supp. 1314 (D.D.C.1978), the court held that because the decision to commence the action against the defendant obviously was based on extensive consultation with a number of executive agencies, the defendant had a right to serve interrogatories on any executive agency involved. *Id.* at 1334. The court rejected plaintiff's theory that the Department of Justice was the only plaintiff in the action. The court recognized that the Department of Justice was acting on behalf of the government as a whole and, therefore, each executive agency with relevant information was a party to the case and could be served with interrogatories. *Id.* at 1333–34. The court cautioned, however, that such wide–ranging discovery was appropriate only in peculiar situations where the issue or policy involved pervaded many different agencies of the government.

In *United States v. 58.16 Acres of Land*, 66 F.R.D. 570 (E.D.Ill.1975), the court also held that when interrogatories are served on the government, the person answering them must consult all other government officials who have relevant information. *Id.* at 572. Finally, in *Harvey Aluminum v. National Labor Relations Board*, 335 F.2d 749 (9th Cir. 1964), the ninth circuit implicitly recognized the President's control over the executive agencies and his ability to secure information which the NLRB was required to produce. In that case, plaintiffs in an action before the NLRB had sought the statements of certain persons which were in the possession of the Department of Labor and the FBI. These agencies had refused to produce the statements and the

court held that even though the NLRB might not have the authority to order the agencies to produce the statements, it should have enlisted the aid of the President who did have the authority to order the statements produced. *Id.* at 754.

Plaintiffs also rely on a number of analogous cases where the courts have compelled corporate parties to gather information from its subsidiaries to answer interrogatories. *See, Advance Labor Services, Inc. v. Hartford Accident & Indemnity Company,* 60 F.R.D. 632 (N.D.Ill.1973); *Sol S. Turnoff Drug Distributors, Inc. v. N.V. Nederlandsche–C.V.C. Ind.,* 55 F.R.D. 347 (D.Pa. 1972); *Skelton & Company v. Goldsmith,* 49 F.R.D. 128, 129 (S.D.N.Y.1969); *Pluswood v. Inter–Bison Sales, et al.,* No. 78–C–256 (E.D.Wis. Oct. 24, 1979, J. Warren); *Robbins v. Brockton Street Railway,* 180 Mass. 51, 61 N.E. 265, 265 (1901); and *Security Mutual Casualty Co. v. Rich,* 20 F.R.D. 112 (E.D.Pa.1956), 4A Moore's Federal Practice ¶ 33.26 (2d ed. 1980). *Cf. General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1210 (8th Cir. 1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). In each of these instances, the courts held that an official answering the interrogatories for a corporation had an affirmative duty to search out all information under the control of the corporation and could not evade answering the interrogatories based on his own limited knowledge. Although this rule of law is based, in part, on the theory that a corporation's knowledge is an amalgamation of the knowledge of each individual officer or employee, it is equally grounded on the theory that a party cannot plead personal ignorance as an excuse for not answering interrogatories if indeed the information is within his control. 4A Moore's Federal Practice, ¶ 33.26 at 33–104–141 (1980); 8 Wright & Miller, Federal Practice & Procedure, § 2172 at 537 (1970); *Hickman v. Taylor,* 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L.Ed. 451 (1947). Therefore to that extent these cases are relevant to the inquiry here.

In response, defendants argue that plaintiffs are seeking information from non–parties and therefore the use of interrogatories, which are limited to parties, is inappropriate. Defendants contend that the organizational hierarchy of the Executive Branch of the United States differs vastly from the corporate structure. Defendants allege that the control of the day–to–day activities of each agency of the executive branch is in the hands of the agency or cabinet officers and not the President. Because of this lack of control, defendants contend that the President's answers should be limited to the knowledge of the White House and the Executive Office of the President. Furthermore, defendants raise the specter that if this Court grants plaintiffs' motion it will result in numerous suits against the President solely for the purpose of conducting a fishing expedition into the files of the executive agencies.

Defendants also seek to distinguish the cases cited by plaintiff involving interrogatories served on the United States. Defendants contend that those cases are limited to their peculiar facts and that in each case it was the United States and not the President that was the named party. Finally, the defendants allege that the requests are unnecessary and overly burdensome because its answers already contain information from the State and Treasury Departments that has been passed on to the Commerce Department and the President. To order a more thorough search, defendants assert, would require the expenditure of needless effort.

■ Under Rule 33 of the Federal Rules of Civil Procedure, a party must give full and complete answers to interrogatories served on him by another party. While a party may not have a duty to search out new information, it is undisputed that a party has a duty to provide all information available to him. *Hickman v. Taylor, supra;* 8 Wright & Miller, Federal Practice & Procedure § 2172. Information which is controlled by a party is available to him.

■ Contrary to defendants' assertion, the President of the United States has as much or even a greater degree of control over the executive departments than a cor-

poration has over its subsidiaries. In most instances, corporate subsidiaries are individual corporations themselves. The parent–subsidiary relationship, therefore, is bound by a series of complex and detailed laws. There are, however, no such constraints in the President's relationship with the executive departments. The chain of command in the Executive Branch is much clearer than that in most corporations. The President has the constitutional and executive power to order the executive agencies to comply with any lawful directive he may issue. Furthermore, the President, in this instance, is given specific statutory authority for developing policies, rules and regulations under the Act. Moreover, defendants' existing answers to plaintiffs' interrogatories indicate that the President, in developing his rules, regulations and policies, has benefited from information provided by the State and Treasury Departments. Therefore, because of the President's statutory and constitutional authority, and in light of the government's broad policy statement with respect to foreign boycotts, the Court finds that the President has control over the information requested and therefore that the information is available to him. The Court also finds that the cases cited by plaintiffs wherein the government appeared as a party are also analogous to this situation. Although the United States is not a named party in this case, the President is a party and his authority extends over all agencies of the Executive Branch. Named in his official capacity, therefore, he most approximates the United States as a party.

■ That these interrogatories are addressed to the President of the United States, and not another person, cannot be a reason for a contrary decision. As recent history indicates, the President is not entitled to any special treatment when asked to produce evidence. If he has a legitimate recognized reason for not answering, such as a claim of privilege, he may assert it. The Court cannot, however, preclude discovery into an area opened up by the defendants because of the possible effect its decision may have on future litigation. Furthermore, this Court doubts that its decision in this respect will have the grave consequences defendants portend. Ordinarily, the President is not a proper party to a suit and his counsel may move expeditiously to dismiss him from such suits thus, curtailing any potential discovery problems.[1] Moreover, the Court's decision does not authorize the plaintiffs to conduct a fishing expedition. Plaintiffs have demonstrated that the request is likely to result in the discovery of relevant information. *See* Rule 26, Federal Rules of Civil Procedure.

■ With respect to defendants allegation that such discovery is too burdensome, the Court finds that defendants have failed to state, with specificity, the burden that they might encounter. The broad statement that the answers to interrogatories would require a thorough search of all employees of the State and Treasury Departments is simply unfounded. The requested information is limited to those files that concern Arab League boycotts and therefore, the search would be less far reaching than defendants allege. The burden is on the defendant to demonstrate that the interrogatories are overly burdensome. *Flour Mills of America v. Pace*, 75 F.R.D. 676, 680 (E.D.Okl.1977). Defendants have not met this burden. Because defendants have placed in issue, by way of their interrogatories to the plaintiffs, the issue that plaintiffs seek discovery on, the Court in balancing the potential burden to the defendants against the potential benefit to the plaintiffs, must conclude that the benefits to the plaintiffs outweigh the burden on the defendants.[2]

---

1. No such motion has been advanced in this case and, for the moment, the Court need not determine if one would lie.

2. *Compare, e. g.*, Defendants' First Set of Interrogatories to Plaintiff, The Trane Company, Nos. 1(f), 1(h), 1(i), 4(a), 4(c), 4(e), 5(a) *and*

Defendants' First Set of Interrogatories to Plaintiff Maurice Bouchard, No. 2(b) *with* Plaintiffs' First Set of Interrogatories to Defendants, Nos. 1–15.

478

On the basis of the foregoing, the Court finds the defendants will be required to file supplemental answers to Plaintiffs' First Set of Interrogatories to the President of the United States consistent with this opinion. Furthermore, the Court finds that, with respect to the other outstanding objections raising the same issue, the defendants will be required to supplement their answers.