Agnes, Peter W., J.
1. Introduction
This is a civil action that arises from the termination of plaintiff Jean Pierce’s employment by defendantThe C.R.C. Line Inc. (herein after “C.R.C.”) on July 6, 2004. Plaintiff alleges that she was fired in retaliation for reporting that her supervisor, defendant Gaudette, sexually harassed her. Plaintiff moves for an order compelling the defendant to answer interrogatories and produce documents. Defendant C.R.C. moves for sanctions pursuant to Mass.R.Civ.P. 37(d) and attorneys fees or, in the alternative, to compel the production of documents and attorneys fees.
2. Disputed Interrogatories
A. Interrogatories Nos. 10 and 14.
Interrogatoiy no. 10 seeks, essentially, information about communications among employees and between employees and C.R.C. about sexual harassment and, specifically, sexual harassment of the plaintiff. Interrogatoiy no. 14 seeks all information regarding communications to the plaintiff and within the company that relate to the circumstances that led up to the plaintiffs termination. Defendant C.R.C. objects to both interrogatories on the grounds that they are overly broad and that the defendant cannot “discern information known by any other human being.” (Def.’s Opp’n Pl.’s Mot. Compel Ans. Interrogs. p. 3, p. 9.) Without waiving its objections C.R.C. also answered interrogatoiy no. 14, saying that “on numerous occasions over the course of her employment there have been meetings regarding her attitude toward other employees and other work related matters.” (Def.’s Ans. Interrog No. 14.)
C.R.C. is correct that these interrogatories are overly broad. “Relevant information, which is otherwise discoverable, may be limited . . . temporally in order to avoid overly broad and unduly burdensome requests.” Briddell v. St Gobain Abrasives, Inc., 233 F.R.D. 57, 60 (D.Mass. 2005) (citing Glenn v. Williams, 209 F.R.D. 279, 281-82 (D.D.C. 2002). However, plaintiff is entitled to a reasonably temporally circumscribed review of corporate communications. “The norm in employment discrimination cases seems to be anywhere between three and five years.” Id.
Plaintiff is correct that the defendant corporation, C.R.C., has a duty to make an inquiry of its employees to answer interrogatories. See 5-33 MA Pleading and Practice §§33.23 (2005). This has long been the practice in Massachusetts. See Robbins v. Brockton Street Ry. Co., 180 Mass. 51, 54 (1901) (Holmes, C.J.) (“The corporation, being reputed to have done whatever its servants did in the course of their employment, is supposed to know what they did, and therefore cannot shelter itself under a general profession of personal ignorance”).
It is ordered that defendant C.R.C. provide a detailed account of any communications, within the last five years, among its employees in the plaintiffs department and between its employees in the plaintiffs department and C.R.C. about sexual harassment and, specifically sexual harassment of the plaintiff. Further C.R.C. is ordered to complete its answer to interrogatoiy no. 14 by providing dates of conversations between management and plaintiff, details of what was said and the names of the parties who were involved. If the representative answering on behalf of C.R.C. needs to commence an investigation of C.R.C. employees to furnish complete answers to interrogatories no. 10 and 14 then he or she is ordered to do so.
*498 B. Interrogatory No. 11
Plaintiff seeks a description and copy of any sexual harassment policies and/or reporting procedures that ever applied to the plaintiff. The production of these documents may not be compelled pursuant to interrogatories. See Mass.R.Civ.P. 33. However, plaintiff is entitled to a description of any sexual harassment policies and/or reporting procedures that applied to her. Thus it is ordered that defendant C.R.C. must describe all sexual harassment policies and/or reporting procedures that ever applied to the plaintiff. If the only sexual harassment policies and/or reporting procedures that ever applied to the plaintiff is the MCAD poster provided by defendant C.R.C. in response to request for documents no. 10, then the defendant C.R.C. must indicate as much.
C. Interrogatory No. 15
This interrogatory seeks all information about any reprimands or warnings, verbal or written, that were ever given to defendant Gaudette by defendant C.R.C. Defendant C.R.C. answers that defendant Gaudette was not given any warnings or reprimands regarding the sexual harassment complaint and that he was immediately terminated. This answer is incomplete. Plaintiff seeks information about any warnings or reprimands given to defendant Gaudette. Thus, it is ordered that defendant C.R.C. must answer whether defendant Gaudette ever received any warnings or reprimands during the course of his entire employment, even if they are unrelated to his termination.
D. Interrogatory No. 16
This interrogatory requests detailed descriptions of any warnings or reprimands given to the plaintiff by defendant C.R.C. during the entire course of her employment. Interrogatory no. 16 appears to be completely encompassed by interrogatory no. 14 because interrogatory no. 14 seeks the details of all communications leading up to the plaintiffs last day of employment. Defendant C.R.C. need not answer the same question twice but may not exclude from its answers to interrogatory no. 14 any of the information sought in interrogatory no. 16.
3. Disputed requests for documents
A.Requests No. 1-2
This request seeks documents relating to sexual harassment and gender discrimination claims filed against defendant C.R.C. in the last 10 years. Request no. 2 seeks documents of any statements about sexual harassment made by employees to management of defendant C.R.C. within the last 10 years. Both suffer the same defect. Like the answers interrogatories no. 10 and 14, the answers to requests for documents no. 1-2 shall be limited to the last 5 years. Subject to this limitation, defendant C.R.C. is ordered to produce the requested documents.
B. Request No. 4
This request seeks documents, correspondence and records that relate to the subject matter of the plaintiffs allegations. Defendant C.R.C. contends, and plaintiff appears to agree, that it has provided plaintiff with all documents that were not generated by counsel for C.R.C. in anticipation of litigation. (PL’s Mot. Compel p. 13.) Parties will be granted discovery of documents prepared in anticipation of litigation “only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” Mass.R.Civ.P. 26(b)(3). Plaintiff here has made no such showing. Thus plaintiffs motion to compel is denied.
C. Request No. 6
This request seeks a copy of the plaintiffs personnel file. Defendant C.R.C. responded that plaintiff was already in possession and she produced that personnel file in answer to C.R.C.’s request for the production of documents. (Def.’s Resp. Pl.’s Req. Prod. Docs. no. 6.) A review of plaintiffs answers to the requests for the production of documents shows plaintiff to be in possession of what may be parts of her personnel of her personnel file; however, there is no indication that she is in possession of her entire personnel file. Regardless of whether defendant C.R.C. believes the plaintiff is in possession of her personnel file, C.R.C. is ordered to provide plaintiff a complete copy of her personnel file.
D. Request No. 7
This request seeks documentation of communications between the plaintiff and defendant C.R.C. C.R.C. provided 8 handwritten notes in response. This answer is complete. Thus, plaintiffs motion to compel is denied.
E. Request No. 10
This request seeks a written copy of all of the sexual harassment and reporting policies and procedures. Defendant has supplied a copy of an MCAD poster and has stated “that is all there is.” (Letter from Att’y Webber to Att’y Shea, March 10, 2006.) This request has been completely answered and the motion to compel is denied.
F. Request No. 13
Plaintiff requests the personnel file of defendant Gaudette from defendant C.R.C. C.R.C. responds that defendant Gaudette is in possession of his personnel file, that he is represented by counsel and that this request is better answered served on defendant Gaudette. This court agrees and the motion to compel is denied.
4. Sanctions
Defendant C.R.C. moves for sanctions pursuant to Mass.R.Civ.P. 37(d) and, in the alternative, to compel *499 the production of plaintiffs medical records. Defendant C.R.C. and the plaintiff executed a confidentiality agreement whereby plaintiff agreed to release her medical records. (Confidentiality Agreement, May 15, 2006.) Pursuant to this agreement, plaintiff submitted a copy of her medical records to C.R.C. Defendant C.R.C. claims the medical records were redacted. Plaintiff claims the documents were redacted by her health care provider, without her knowledge. It is ordered that plaintiff provide defendant C.R.C. with unredacted copies of her medical records pursuant to the confidentiality agreement. In complying with this order it is the plaintiffs responsibility to obtain unredacted copies from her health care provider. Requests for sanctions, costs and attorneys fees are denied.
ORDER
For the foregoing reasons, plaintiffs motion to compel the answer of interrogatories and the production of documents is allowed in part and denied in part. Defendant C.R.C.’s motion for sanctions pursuant to Mass.R.Civ.P. 37(d) and attorneys fees is denied and their motion, in the alternative, to compel the production of documents and for attorneys fees is allowed in part and denied in part.