**BRUNSWICK CORPORATION, Plaintiff,**

v.

**SUZUKI MOTOR COMPANY, LTD., U.S. Suzuki Motor Corporation, Franklin Motors Incorporated, Mitsubishi Electric Corporation and Hitachi Ltd., Defendants.**

Civ. A. No. 82–C–654.

United States District Court, E.D. Wisconsin.

Feb. 17, 1983.

Glenn O. Starke, Thomas Wozny, Milwaukee, Wis., for plaintiff.

William J. Mulligan, Milwaukee, Wis., and John A. Fogarty, Jr., John C. Altmiller, New York City, for defendant Hitachi Ltd.

Walter S. Davis, Milwaukee, Wis., and Paul L. Ahren, Chicago, Ill., for defendant Mitsubishi.

Fred Wiviott, Milwaukee, Wis., for defendant Franklin Motors.

Duffern Helsing, Tustin, Cal., for defendants U.S. Suzuki and Suzuki Motor Co.

REYNOLDS, Chief Judge.

This is a patent infringement action brought by Brunswick Corporation (Brunswick), a manufacturer of outboard motors and stern drives, against five defendants alleged to have infringed, either directly or contributorily, patents relating to ignition systems and an exhaust relief silencing apparatus of outboard motors. Each of the defendants, save Franklin Motors Incorpo-

rated, has moved to dismiss the action principally on the grounds that in personam jurisdiction is lacking.

In preparing its case-in-chief and its defense of the motions to dismiss, Brunswick served interrogatories pursuant to Fed.R. Civ.P. 33 on defendants Mitsubishi Electric Corporation (Mitsubishi) and Hitachi, Ltd. (Hitachi). Interrogatory Nos. 3, 4, and 6 state as follows:

3. State the total annual dollar sales of all products sold by the affiliates, subsidiaries, divisions, and related companies, identified in response to Interrogatory No. 1, in Wisconsin for each year from 1975 through 1982.

4. Identify by name and address all Wisconsin retail dealers and/or wholesale distributors who sell products purchased from the affiliates, subsidiaries, divisions, and/or related companies, identified in response to Interrogatory No. 1.

\* \* \* \* \* \*

6. Do any of the affiliates, subsidiaries, divisions, and/or related companies identified in response to Interrogatory No. 1, have any employees who reside in Wisconsin? If the answer is yes, identify each such employee by name, address, position and title.

Mitsubishi refused to supply the information requested in questions three and four. Hitachi refused to supply the information requested in all three interrogatories. Both defendants refused on the grounds that the information was not available to them under Rule 33, Federal Rules of Civil Procedure. Presently before the Court is Brunswick's motion pursuant to Fed.R.Civ.P. 37 for an order compelling defendants Mitsubishi and Hitachi to answer the interrogatories and to pay for Brunswick's reasonable expenses, including attorneys' fees, in connection with this motion.

The interrogatories in question seek information pertaining to the "affiliates, subsidiaries, divisions, and related companies" of defendants Mitsubishi and Hitachi. Mitsubishi's products are sold in the United States only indirectly through its wholly owned subsidiary, Mitsubishi Electric America, Inc.

Hitachi, like Mitsubishi, manufactures its products in Japan. Hitachi, however, has seven subsidiaries in the United States, which are either partially or wholly owned. None of Hitachi's subsidiaries sells the allegedly infringing devices in the United States. The ignition systems claimed to have infringed Brunswick's patents were sold and delivered by Hitachi in Japan to Suzuki Motor Company Ltd., which incorporates the Hitachi ignition systems into outboard motors sold in turn to U.S. Suzuki Motor Corporation, a California corporation.

Both Mitsubishi and Hitachi have moved to dismiss this patent suit for lack of personal jurisdiction. Their argument is essentially that neither parent corporation has had the contacts with Wisconsin necessary to support long-arm jurisdiction. Both defendants, it seems, channel their products into the United States indirectly through their subsidiaries. These products then find their way from the U.S. subsidiaries into the hands of Wisconsin retailers. Brunswick has served the defendants with interrogatories 3, 4, and 6 to ascertain the quality and quantity of contacts that the above described subsidiaries have with Wisconsin. The present discovery dispute arises largely because Brunswick has utilized Rule 33 interrogatories to acquire from the parent corporation parties-in-suit information lodged in the records of their subsidiaries.

Two issues are raised by Brunswick's motion to compel. First, is the information sought through the interrogatories "relevant?" Second, is the information "available" to the defendants and thus discoverable under Rule 33?

The scope of Rule 33 interrogatories is governed by Rule 26(b), Fed.R.Civ.P., which entitled a party to compel disclosure of all facts which are relevant to the subject matter of the pending action and are unprivileged. The parties expend great effort discussing whether the contacts of the defendants' subsidiaries with Wisconsin are relevant to whether this court may exert jurisdiction over the corporate parents in Japan.

It is premature and unnecessary, however, for the Court to scrutinize the merits of the jurisdictional issue at this time.

The concept of relevance under Rule 33 deserves a liberal interpretation.

> Certainly, the requirement of relevancy, must be construed liberally and with common sense rather than measured by the precise issues framed by the pleadings or limited by other concepts of narrow legalisms. Thus, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.

*La Chemise Lacoste v. Alligator Company, Inc.,* 60 F.R.D. 164, 170–71 (D.Del.1973). In this matter, I cannot say with positive assurance that the information sought by Brunswick can have no possible bearing on the questions of either contributory infringement or in personam jurisdiction.

Under Fed.R.Civ.P. 33, a party may compel his adversary to furnish through answers to written interrogatories such relevant information as is "available" to that adversary party. The principal issue presented on this motion is whether the information concerning the subsidiaries in question is available to Mitsubishi and Hitachi.

■ Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from sources under its control. *Westinghouse Credit Corp. v. Mountain States Mining & Milling Co.,* 37 F.R.D. 348, 349 (D.Col.1965). If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance. *Greenbie v. Noble,* 18 F.R.D. 414, 415 (S.D. N.Y.1955). Although the defendants strenuously contend that their U.S. subsidiaries are separate, independent entities, having individual control over day-to-day operations, the Court is prepared to find as a fact that the information at issue here regarding sales, retail dealers, and employees is available to Mitsubishi and Hitachi.

Mitsubishi Electric America, Inc., is sufficiently under Mitsubishi's control to make available the facts requested in interrogatory nos. 3 and 4. Likewise, the seven U.S. subsidiaries of Hitachi listed on pages 6 and 7 of Exhibit A to Hitachi's memorandum in opposition to the plaintiff's motion to compel are sufficiently within Hitachi's control to render available the information sought in interrogatory nos. 3, 4, and 6. Brunswick's motion to compel defendants Mitsubishi and Hitachi to answer interrogatory nos. 3, 4 and 6 therefore is granted.

■ As a final matter, Brunswick asks the Court, pursuant to Fed.R.Civ.P. 37(a), to order the defendants to pay the reasonable expenses, including attorneys' fees, incurred by Brunswick in obtaining this order. This request for expenses is denied because the defendants' opposition was "substantially justified" given the lack of certainty in the law on this subject and given the factual circumstances of this case.

THEREFORE, IT IS ORDERED that the plaintiff's motion under Fed.R.Civ.P. 37(a) to compel defendants Mitsubishi and Hitachi to answer Interrogatory Nos. 3, 4, and 6 is granted.