**PERINI AMERICA, INC., Plaintiff,**

v.

**PAPER CONVERTING MACHINE COMPANY, Defendant.**

Civ. A. No. 82–C–596.

United States District Court,
E.D. Wisconsin.

March 29, 1983.

James P. Brody, Milwaukee, Wis., and Theodore W. Anderson, Chicago, Ill., for plaintiff.

Franklyn M. Gimbel, Richard E. Reilly, Milwaukee, Wis., and Jerome F. Fallon, Chicago, Ill., for defendant.

DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a patent infringement action brought by plaintiff Perini America, Inc., seeking a declaratory judgment that the DERL II machine marketed by the plaintiff does not infringe a patent held by the defendant Paper Converting Machine Co. Presently before the Court is the defendant's motion to compel discovery. The dispute is over whether the defendant can require the plaintiff to produce documents in the possession of a sister corporation.

The DERL II machine was recently developed by an Italian named Fabio Perini and one other person. The machines are manufactured by Fabio Perini S.p.A., an Italian corporation. Plaintiff, Perini America, Inc., acts as the North American sales agent or manufacturer's representative for Fabio Perini S.p.A.

Both Perini America, Inc., and Fabio Perini are controlled by Fabio Perini. Fabio Perini owns 100% of the stock in Perini America, Inc. and 99.5% of the stock in Fabio Perini S.p.A. Fabio Perini is the President and Chairman of the Board of Perini America, Inc., and, until July, 1982, was "Presidente" of Fabio Perini S.p.A.

While the directors of the companies are largely separate, Ettore Bartolini S. Omer is a director both of Perini America, Inc., and of Fabio Perini S.p.A.

Although the dispute originated from an interrogatory under Fed.R.Civ.P. 33, the defendant's motion seeks to compel the plaintiff to produce documents in the possession of Fabio Perini, S.p.A. This constitutes a request for production under Fed.R.Civ.P. 34. Under this rule, a party may be required to produce documents which "are in the possession, custody or control of the party." On the facts of this case, the Court finds that the documents sought are under the control of Perini America, Inc. The corporate entity Fabio Perini S.p.A. is not under the "control" of the corporate entity of Perini America, Inc., in the corporate hierarchy for all purposes but under the facts herein the documents of Fabio Perini S.p.A. are under the control of Perini America, Inc. Both corporations are the "alter egos" of Fabio Perini. To treat them as unrelated entities would defy reality. *Cf. Brunswick Corp. v. Suzuki Motor Co.,* 96 F.R.D. 684 (E.D.Wis.1983).

The defendant also seeks to have the requested information disclosed under a protective order limiting defendant's use of the information to persons associated with the defendant solely for use in the prosecution of this case. The plaintiff does not object to this but says it is irrelevant.

THEREFORE, IT IS ORDERED that the plaintiff Perini America, Inc., produce all lost order reports in the possession of Fabio Perini S.p.A. from salesmen, customers or other contacts relating to the statement of Mr. Heuchert to Mr. Small at Green Bay, Wisconsin, on 7 January 1982 that Perini "will lose business unless they offer something competitive with nested emboss." All information contained in documents supplied by the plaintiff to the defendant pursuant to this order shall be disseminated only to persons who are associated with the defendant and who are directly concerned with the prosecution of this action, and no such information shall be used by the defendant to the commercial disadvantage of the plaintiff or for any purpose other than the prosecution of this action.