**THOMAS INDUSTRIES, INCORPORATED, Plaintiff,**

v.

**WAGNER SPRAY TECH CORPORATION, Defendant.**

**No. 84–C–1110.**

United States District Court, E.D. Wisconsin.

Oct. 9, 1985.

Glenn O. Starke, Andrus, Sceales, Starke & Sawall, Milwaukee, Wis., for plaintiff.

Wayne E. Babler, Jr., Quarles & Brady, Milwaukee, Wis., and Dennis A. Gross, Hill, Van Santen, Steadman & Simpson, Chicago, Ill., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

The plaintiff in this action, Thomas Industries, Incorporated (hereafter "Thomas") has filed a motion for reconsideration of the Court's March 8, 1985 decision granting the summary judgment motion of defendant Wagner Spray Tech Corporation (hereafter "Wagner") on the issue of the validity of the patents involved in this case. Thomas also objects to the Court's award to Wagner of its costs and attorneys' fees incurred with respect to its summary judgment motion. In addition to these matters, four other motions are pending in this action, including three motions to compel discovery and Thomas' motion to amend the

complaint. These motions will be addressed sequentially.

## I. THOMAS' MOTION FOR RECONSIDERATION

On December 10, 1984, Wagner filed a motion under Rule 11, Federal Rules of Civil Procedure, to strike and dismiss with prejudice certain portions of the complaint. Those portions of the complaint were paragraphs 11 and 13, in which the plaintiff alleged that Wagner's United States Patents 3,899,134 and 4,036,438 were void and unenforceable. As an alternative to its request to strike and dismiss these paragraphs, Wagner moved for summary judgment on the issue of the validity of those patents.

Wagner's motion was grounded on Thomas' failure to supply any factual bases for its allegations in paragraphs 11 and 13 after such information had been requested by Wagner. In response to Wagner's interrogatory requesting the factual bases for the allegations in paragraphs 11 and 13, Thomas replied that the patents "are invalid, void and unenforceable as being anticipated and/or obvious over the prior art." (Plaintiff's Response to Defendant's Interrogatory No. 4). After Wagner filed its motion under Rules 11 and 56, it made repeated requests to Thomas to identify and/or produce the prior art Thomas was relying upon. No prior art was identified or produced by Thomas. Moreover, Thomas failed to produce or identify any such prior art in support of its brief in opposition to Wagner's Rule 11/56 motion, which Thomas filed on January 4, 1985.

On February 25, 1985, twenty-four days after the briefing period on Wagner's Rule 11/56 motion had ended, Thomas filed its brief in response to Wagner's motion for a preliminary injunction. Wagner had filed this motion on December 26, 1984, and an extended briefing schedule was set by the Court.

Included with Thomas' memorandum in response to Wagner's preliminary injunction motion was the affidavit of Charles E. LaBelle, an employee of Thomas who participated in the design and development of its airless spray gun. In his affidavit, LaBelle described certain other patents, the subject matter of which he asserted would have been obvious to a person skilled in the art at the time Wagner's '134 and '438 patents were invented. Attached to LaBelle's affidavit were diagrams of this alleged prior art. None of this information had been provided to Wagner or to the Court prior to the filing of LaBelle's affidavit on February 25, 1985.

On March 8, 1985, the Court heard oral argument on Wagner's Rule 11/56 motion. The Court had originally scheduled a hearing on Wagner's preliminary injunction for that date, but decided to change the sequence of those hearings when it became clear that Thomas had not produced any prior art in support of its invalidity allegations, thus presenting no factual issue which would preclude the granting of summary judgment. A letter to counsel notifying them that the March 8, 1985, date would be used for oral argument on Wagner's Rule 11/56 motion was mailed on February 20, 1985.

During his argument on March 8, 1985, Wagner's counsel, Dennis Gross, pointed out several instances in which Thomas had failed to identify or produce evidence of prior art in response to Wagner's interrogatories and requests for production of documents. In addition, Mr. Gross referred to the deposition of Charles LaBelle taken on January 23, 1985, during which Thomas Wozny, counsel for Thomas, stated that the prior art would be delivered to Wagner when it was collected.

Mr. Gross also stated that following the initial appearance of the prior art attached to the LaBelle affidavit, Wagner subpoenaed Glenn Starke, counsel for Thomas, to determine the date on which that art became known to Thomas. Starke indicated that some of the documents had been in Thomas' possession prior to the filing of this action. Starke also stated that the prior art had been in his law firm's offices at the time the LaBelle deposition was conducted there.

At the conclusion of the parties' arguments at the March 8 hearing, the Court issued an oral decision denying Wagner's Rule 11 motion but granting its motion under Rule 56 on the issue of patent validity. The Court denied the Rule 11 motion primarily because, in its recently amended version, Rule 11 does not include a clear cut provision for striking unsupported pleadings. The Court felt, however, that Thomas clearly had failed to meet its burden of presenting prior art in order to demonstrate the existence of a factual dispute which would defeat Wagner's summary judgment motion. Therefore, in view of the presumption of validity accorded to patents, the Court granted Wagner's Rule 56 motion and awarded it its costs and attorneys' fees.

A. *Propriety of Court's Order Granting Summary Judgment*

■ Thomas argues that the Court should reverse its decision granting summary judgment because the prior art referred to in the LaBelle affidavit discloses a material issue of fact as to the validity of Wagner's patents. Thomas further contends that even though this material was not submitted in response to Wagner's motion for summary judgment, it was a part of the record of this case prior to the March 8, 1985 hearing and therefore should have been considered by the Court.

The Court finds Thomas' arguments unpersuasive. First, under Local Rule 6.01, Thomas was required to file any answering brief and supporting affidavits in response to Wagner's motion within fourteen (14) days after receipt of that motion. Thomas did not file the LaBelle affidavit until February 25, 1985, long after the briefing period had closed. The mere fact that the Court heard oral arguments on the Rule 11/56 motion in March does not mean that Thomas was allowed to submit new evidence until that time. The March 8 meeting was clearly scheduled as an oral argument, not an evidentiary hearing, and the period for submitting anything but new evidence (which the Court will discuss below) closed at the time of the briefing deadlines.

■ The second reason the Court will not reconsider its decision is that the choice of materials considered with respect to a summary judgment motion lies within the sound discretion of the trial judge. *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.*, 494 F.Supp. 1161, 1168 (E.D.Pa.1980). The cases cited by Thomas in support of the proposition that a judge must consider all materials of record at the time a summary judgment motion is decided are not factually similar. In *Higgenbotham v. Ochsner Foundation Hospital*, 607 F.2d 653 (5th Cir.1979), *Interlago A.G. v. F.A.O. Schwarz, Inc.*, 191 U.S.P.Q. 129 (N.D.Ga.1976), and *E.H. Marhoefer, Jr. Co. v. Mount Sinai, Inc.*, 190 F.Supp. 355 (E.D. Wis.1961), the additional materials considered by the courts were on record at the time the summary judgment motions were filed. None of these cases involved a situation where parties submitted additional documents after the summary judgment materials had been received. Furthermore, in none of those cases was it apparent that the non-moving party had intentionally declined to present relevant materials in the course of the summary judgment briefing period, as Thomas did in this case.

The third reason the Court will not reconsider its decision is that Thomas failed in its duty to come forward with evidence in its possession which might have demonstrated a factual dispute. The party opposing a motion for summary judgment has an affirmative duty to demonstrate, by affidavit or otherwise, the existence of an evidentiary conflict. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985); *Barmag Barmer Maschinenfabrik A G v. Murata Machinery, Ltd.*, 731 F.2d 831, 836 (Fed.Cir.1984). Not only did Thomas fail to present the LaBelle affidavit and attached prior art to the Court in direct response to Wagner's motion, it repeatedly failed to produce or identify that material in response to Wagner's interrogatories and requests for production of documents. A party who refus-

**1284**

es to substantiate its claims in this manner is subject to having its claims dismissed through summary judgment. *Pirolo v. City of Clearwater*, 711 F.2d 1006, 1012 (11th Cir.1983). Though the consequences of its tactical decisions are now apparent to Thomas, the predicament it created for itself is not just cause for reconsideration of the Court's decision.

■ The fourth and final reason the Court will not reconsider its decision is that the LaBelle affidavit and attached prior art, upon which Thomas bases its motion for reconsideration, is not new evidence which was not in Thomas' possession at the time Wagner's motion was in the briefing stage. Motions for reconsideration are not to be used as devices to introduce evidence which could have been proffered during the pendency of a summary judgment motion. *Publishers Resource*, 762 F.2d at 561; *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656, 665–66 (N.D. Ill.1982). According to the deposition testimony of Thomas' counsel, Glenn Starke, much of the material now introduced as grounds for reconsideration was in Thomas' possession at the time this action was filed. Thomas has offered no explanation why these documents were not filed along with its brief in response to Wagner's motion. Thomas' attempt to have these materials considered by the Court after it had ample opportunity to present them at the appropriate time must be denied.

It should be noted that, on pages 6 and 7 of its reply brief in support of its motion for reconsideration, Thomas indicates that it received evidence on May 3, 1985, of the existence of European patents which constitute prior art with respect to the patents at issue. Upon a proper motion and showing under Rules 59 and 60, Federal Rules of Civil Procedure, the Court believes that this material may constitute new evidence which could reopen the validity question *in so far as this material is concerned.* In any event, the Court has no intention of reopening the validity question for the purpose of allowing Thomas to present prior art in its possession during the pendency of the summary judgment motion.

The Court is firmly convinced that its decision to grant Wagner's motion for summary judgment was sound. While Thomas argues that courts rarely grant summary judgment motions declaring non-design patents to be valid, it is equally clear that Thomas utterly failed to present any evidence upon which the Court could have denied Wagner's motion. The Federal Circuit Court of Appeals has stated that, as in any other case, summary judgment may be granted in patent cases. *Barmag*, 731 F.2d at 835. The Court has done so in this action, and it will stand by its decision.

The Court will also deny Thomas' request that this matter be certified for immediate appeal under Rule 54(b), Federal Rules of Civil Procedure. Such a certification at this time would likely result in piecemeal appeals which would delay a final adjudication of this action. In the absence of further motions, the Court intends to proceed with a trial on the infringement question at a date to be established in the near future.

## B. *Propriety of Award of Costs and Attorneys' Fees*

■ At the pretrial conference held on September 24, 1985, the Court indicated to the parties that it would reconsider its award of costs and attorneys' fees to Wagner. Had the Court granted Wagner's motion under Rule 11, it would have been appropriate to award Wagner its reasonable expenses incurred in bringing its motion. Since the Court denied Wagner's Rule 11 motion but granted its Rule 56 motion, reasonable expenses should only be awarded to Wagner upon a finding that Thomas submitted affidavits in bad faith or for purposes of delay. Rule 56(g), Federal Rules of Civil Procedure. Such a finding would not be appropriate in this instance. Accordingly, the Court will reverse its decision to award costs and attorneys' fees to Wagner.

## II. DISCOVERY MOTIONS

### A. *Thomas' Motion Filed April 2, 1985*

There are three motions to compel discovery pending. On April 2, 1985, Thomas filed a motion for an order directing Wagner to produce:

(1) The following documents in the files of Josef Wagner inventor of the '134 patent:

(a) Published documents relating to or illustrating nozzles and/or nozzle guards for paint sprayers and dated prior to July 21, 1974;

(b) Published documents relating to or illustrating airless or air-type paint sprayers and dated prior to June 13, 1972;

(c) Documents referring in any way to the '134 or '348 patents;

(d) Documents referring in any way to the present litigation;

(e) Documents referring in any way to the alleged infringement by the plaintiff of the '134 and '348 patents.

(2) The following documents in the possession of Wagner AG and/or Wagner GmbH:

(a) Published documents relating to or illustrating nozzles and/or nozzle guards for paint sprayers and dated prior to July 21, 1974;

(b) Published documents relating to or illustrating airless or air-type paint sprayers and dated prior to June 13, 1972;

(c) Documents referring in any way to the '134 or '348 patents;

(d) Documents referring in any way to the present litigation;

(e) Documents referring in any way to the alleged infringement by the plaintiff of the '134 and '348 patents.

(3) Copies of all foreign patent applications and patents including abandoned applications and patents, corresponding to patent 3,899,134 and copies of all office actions, amendments, and references cited.

(4) All documents relating to any infringement action brought by the defendant or any affiliate of the defendant, i.e. Wagner AG or Wagner GmbH, based on any foreign patent corresponding to the '134 patent.

(5) All documents relating to any opposition or cancellation proceedings brought by any third party against any foreign patent corresponding to the '134 patent.

(6) All documents relating to any search made by or on behalf of defendant, or on behalf of Wagner AG or Wagner GmbH, regarding the '134 and/or '348 patents, including all references located in the search.

Wagner objects to the request to produce documents in the files of Josef Wagner, Wagner AG and Wagner GmbH. According to Wagner, Josef Wagner is an elderly German citizen who has no connection with Wagner Spray Tech and who has not been in the United States for seven years. Wagner GmbH is a German corporation which assigned the '134 patent, invented by Josef Wagner, to Wagner Spray Tech more than sixteen months prior to the institution of this litigation. Finally, Wagner AG is the Swiss parent corporation of Wagner Spray Tech which operates entirely independent of its American subsidiary. Wagner AG's only continuing interaction with Wagner Spray Tech is in connection with certain component parts supplied by the former to the latter.

Based on the representations made by Wagner, the Court will decline to order the production of documents held by Josef Wagner, Wagner AG and Wagner GmbH. Neither Josef Wagner nor the two foreign corporations are parties to this action, and there does not exist a relationship between them and Wagner Spray Tech which would justify an order such as the one Thomas seeks. The present situation is unlike that in *Perini America, Inc. v. Paper Converting Machine Co.*, 559 F.Supp. 552 (E.D. Wis.1973), where Judge Reynolds granted a discovery request for information in the possession of a non-party foreign corporation. In *Perini*, the plaintiff corporation was owned 100% by Fabio Perini, who also

owned 95% of the non-party foreign corporation. Thus, Judge Reynolds found that both corporations were the "alter egos" of Fabio Perini. 559 F.Supp. at 553.

In this action, it is not the case that Wagner Spray Tech and the foreign entities are "alter egos" of a single individual, nor does it appear that the connection which does exist between these corporations justifies an order enforcing Thomas' discovery request. Therefore, Wagner need not produce any of the documents sought to be obtained from the files of Wagner AG, Wagner GmbH, or Josef Wagner.

### B. *Wagner's Motion Filed April 2, 1985*

The second motion to compel was filed by Wagner, also on April 2, 1985. Wagner seeks an order compelling Thomas to respond to Request Nos. 18 and 19 of Wagner's Second Request for Production of Documents. In those requests, Wagner seeks the following:

#### Request 18

All documents and things establishing (i) the cost of each of the components incorporated in the airless paint spray cup gun sold by Thomas to Sears and (ii) all documents establishing the cost of assembly and (iii) all documents establishing the final cost of the airless paint spray cup gun sold by Thomas to Sears.

#### Request 19

All documents and things establishing the profits made or losses incurred by Thomas in its manufacture and sale of airless paint spray cup guns sold to Sears.

Wagner claims that this information is relevant to its counter claim for damages since, should it prevail on the infringement issue, it would be entitled to its damages or a reasonable royalty under 35 U.S.C. § 284. Wagner asserts that Thomas' costs and profits would reflect not only the reasonableness of any royalty awarded to Wagner, but also Thomas' willingness to infringe upon Wagner's trademark. As an alternative to its motion to compel, Wagner requests that Thomas be barred from introducing any testimony or exhibits relative to its income, costs or profits.

Section 284 of 35 U.S.C. provides that

Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court. When the damages are found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed.

The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances.

The history of § 284 was recounted by the Supreme Court in *Aro Manufacturing Company, Inc. v. Convertible Top Replacement Company, Inc.*, 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964), where the Court also discussed the difference between the alleged infringer's profits and the patent owner's damages:

"In patent nomenclature what the infringer makes is 'profits'; what the owner of the patent loses by such infringement is 'damages'" *Duplate Corp. v. Triplex Safety Glass Co.*, 298 U.S. 448, 451 [56 S.Ct. 792, 793, 80 L.Ed. 1274 (1936)]. Profits and damages have traditionally been all-inclusive as the two basic elements of recovery. Prior to 1946, the statutory precursor of the present § 284 allowed recovery of both amounts, reading as follows:

"[U]pon a decree being rendered in any such case for an infringement the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby...." R.S. § 4921, as amended, 42 Stat. 392.

By the 1946 amendment, Act of August 1, 1946, c. 726, § 1, 60 Stat. 778, 35 U.S.C. (1946 ed.), §§ 67, 70, the statute was changed to approximately its present form, whereby only "damages" are recoverable. The purpose of the change was precisely to eliminate the recovery of profits as such and allow recovery of damages only.

> "The object of the bill is to make the basis of recovery in patent-infringement suits general damages, that is, any damages the complainant can prove, not less than a reasonable royalty, together with interest from the time infringement occurred, rather than profits and damages." H.R.Rep. No. 1587, 79th Cong., 2d Sess. (1946), to accompany H.R.5311, at 1–2; S.Rep. No. 1503, 79th Cong., 2d Sess. (1946), to accompany H.R.5311, at 2.

There can be no doubt that the amendment succeeded in effectuating this purpose; it is clear that under the present statute only damages are recoverable. See, e.g., *Ric-Wil Co. v. E.B. Kaiser Co.*, 179 F.2d 401, 407 (C.A. 7th Cir.1950), *cert. denied*, 339 U.S. 958 [70 S.Ct. 981, 94 L.Ed. 1369]; *Livesay Window Co. v. Livesay Industries, Inc.*, 251 F.2d 469, 471–472 (C.A. 5th Cir.1958); *Laskowitz v. Marie Designer, Inc.*, 119 F.Supp. 541, 554–555 (D.C.S.D.Cal.1954); Cullen, 28 J.Pat.Off.Soc. 838 (1946); Wolff, 28 J.Pat.Off.Soc. 877 (1946).

377 U.S. at 505–506, 84 S.Ct. at 1542. The Supreme Court went on to define the patent owner's damages as "compensation for the pecuniary loss he (the patentee) has suffered from the infringement, without regard to the question whether the defendant has gained or lost by his unlawful acts." 377 U.S. at 507, 84 S.Ct. at 1543, *quoting Coupe v. Royer*, 155 U.S. 565, 582, 15 S.Ct. 199, 206, 39 L.Ed. 263 (1895).

■ The question presented by Wagner's motion is whether a patentee's damages, or in lieu thereof a reasonable royalty, can be based upon the alleged infringer's profits. Clearly, the Supreme Court's decision in *Aro Manufacturing* compels the conclusion that Wagner's damages are unrelated to Thomas' profits. It follows that the reasonableness of any royalty awarded to Wagner should also be determined without reference to Thomas' profits. If otherwise, the potential exists for Wagner to collect an amount unrelated to the harm it incurred due to the infringement. Such an award would be not only inequitable, but would frustrate the apparent purpose of Congress to allow a patentee to recover an amount based on its losses, whether those losses be actual damages or potential license fees denominated as "reasonable royalties."

In support of its motion, Wagner has cited *Square Liner 360°, Inc. v. Chisum*, 691 F.2d 362, 375 (8th Cir.1982), in which the Eighth Circuit approved the district court's jury instruction that damages and/or a reasonable royalty could be based on the patent infringer's profits. The Eighth Circuit evidently chose to ignore the Supreme Court's decision in *Aro Manufacturing*, which this Court deems controlling. Accordingly, this Court will not follow *Square Liner*.

For the foregoing reasons, the Court will *DENY* Wagner's motion for an order compelling Thomas to respond to Request Nos. 18 and 19 in Wagner's Second Request for Production of Documents. The relevance of Thomas' costs and profits to the issue of its intent to infringe is questionable, and does not outweigh the burdensomeness to Thomas of Wagner's request. The Court also sees no reason at this time for an order precluding Thomas from introducing any evidence of its costs or profits at trial. That matter is better resolved through a motion in limine.

### C. *Thomas' Motion Filed August 26, 1985*

On August 26, 1985, Thomas filed a motion for an order compelling Wagner to respond to Thomas' Interrogatory No. 19. By means of that interrogatory, Thomas seeks the identification of the numbers of any prior art patents collected during a search conducted by Wagner's counsel rela-

tive to the nozzle structure of spray guns. Wagner claims that this information is protected as the work product of Attorney Dennis Gross and by the attorney-client privilege.

■ The Court believes that Thomas' request must be denied for the reason that the information requested is irrelevant and immaterial to the issues presently remaining in this lawsuit. The information sought relates only to the issue of validity, which has already been decided. Thus, while Wagner's attorney/client work/product argument may also be meritorious, the Court will *DENY* Thomas' motion for an order compelling Wagner to respond to Thomas' Interrogatory No. 19 on the grounds that the information sought is irrelevant and immaterial.

### III. THOMAS' MOTION TO AMEND THE COMPLAINT

On July 17, 1985, Thomas filed a motion to amend the complaint, along with a proposed amended complaint. Thomas wishes to add a new paragraph to the complaint alleging invalidity and unenforceability of Wagner's '134 and '438 patents. Wagner objects to the proposed amendment on the grounds that the validity issue has been resolved against Thomas, that the motion is untimely, and that there is no legal or factual basis for the additional allegations.

■ The Court agrees with Wagner that the validity issue has been resolved in this action by means of the Court's decision on Wagner's summary judgment motion. While Thomas asserts that validity and unenforceability are two separate issues, Thomas failed to provide any factual basis for either claim in response to Wagner's summary judgment motion and discovery requests. Outside of the materials Thomas intentionally concealed from Wagner and the Court during the pendency of the Rule 11/56 motion, no showing has been made that any factual basis exists for these additional allegations.

For these reasons, the Court will *DENY* Thomas' motion to amend the complaint

### IV. ADDITIONAL MATTERS

At present, a two-week trial on the question of patent infringement is scheduled to begin November 4, 1985. For a number of reasons, some of which were discussed at the pretrial conference, that final date now appears to be unfeasible. For the purpose of discussing further scheduling in this matter, the Court will conduct a status conference at *9:00 a.m. on Monday, October 21, 1985,* in Room 390 of the Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin. The status conference will be conducted in place of the final pretrial conference originally scheduled for that time. The November 4, 1985 trial date is hereby cancelled, and a new date will be set at the status conference.

### V. CONCLUSION

In conclusion, the Court hereby:

(1) *DENIES* plaintiff's motion for reconsideration of the Court's March 8, 1985 decision granting defendant's motion for summary judgment;

(2) *GRANTS* plaintiff's motion for reconsideration of the Court's decision awarding defendant costs and attorneys' fees;

(3) *DENIES* plaintiff's motion filed April 2, 1985, to compel discovery;

(4) *DENIES* defendant's motion filed April 2, 1985, to compel discovery;

(5) *DENIES* plaintiff's motion filed August 26, 1985, to compel discovery; and

(6) *DENIES* plaintiff's motion to amend the complaint.