**SOL S. TURNOFF DRUG DISTRIBUTORS INC., on behalf of itself and all others similarly situated**

v.

**N. V. NEDERLANDSCHE COMBINATIE VOOR CHEMISCHE INDUSTRIE et al.**

Civ. A. No. 69–1883.

United States District Court, E. D. Pennsylvania.

April 17, 1972.

See also D.C., 51 F.R.D. 227.

Seymour Kurland, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiff.

K. Robert Conrad, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendants Mead Johnson & Co. and Bristol-Myers Corp.

Bernard J. Smolens, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant Rexall Drug and Chemical Co.

Patrick T. Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., for defendants Charles L. Huisking & Co., Inc., and S. S.T. Corp.

Richard G. Schneider, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant R. W. Greeff & Co.

S. Gerald Litvin, Philadelphia, Pa., Harold Davis, Davis & Davis, New York City, for defendant Walker Chemicals.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Presently before the Court are defendants' objections to plaintiff's interrogatories and plaintiff's motion to compel discovery. Plaintiff instituted the instant class action as a result of a criminal indictment charging that foreign and domestic business entities conspired to monopolize the quinine and quinidine products industry by engaging in a variety of illegal practices. Defendants do not state objections to any particular interrogatories, but rather object generally on three separate grounds:

1. The interrogatories are premature and should await the resolution of other preliminary matters;

2. The interrogatories seek information beyond the scope of Federal Rule 33 in that they request that defendants answer not only on behalf of themselves and their present officers and directors but also for subsidiaries and other persons and corporations not parties to the action;

3. The interrogatories instruct defendants to include in their answers information obtained (a) from interviews of grand jury witnesses; (b) from summaries of grand jury testimony; and (c) by defendants' counsel from defendants' officers or employees in preparation of the defense to the prior criminal action.

■ Initially we disagree with defendants' contention that the interrogatories are premature. We believe that discovery can proceed prior to and contemporaneous with preparation for reso-

lution of the other preliminary matters to which defendants refer. At any rate recent correspondence from all parties to this action indicates to the Court that they believe that this case can best proceed by promptly expediting all discovery.

■ Plaintiff's interrogatories contain the following definition:

"3. 'You' or 'your' means the defendant corporation separately answering these Interrogatories, its domestically domiciled subsidiaries, its merged or acquired predecessors, its present and former officers, agents, and all other persons acting or purporting to act on behalf of it or its subsidiaries or predecessors, including all past or present employees exercising discretion, making policy and making decisions or participating in any of the foregoing functions with respect to the manufacture, processing or sale of quinine and quinidine. 'You' and 'your' as to defendant Rexall shall include Vantorex, Ltd. and Carnegies of Welwyn, Ltd., and as to defendants Mead Johnson & Company and Bristol-Myers Company shall include Societe Nogentaise De Produits Chemiques, S.A., Laboratoires Allard and Edward Dalton Company. Defendants are not required to interview former directors, officers, agents or employees to answer these interrogatories."

Federal Rule 33 provides that:

"Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation . . . by any officer or agent, who shall furnish such information as is available to the party."

It has generally been held that interrogatories addressed to a corporate party

may properly seek information which is in the possession of subsidiaries or predecessors in name of that party. Erone Corporation v. Skouras Theatres Corporation, 22 F.R.D. 494 (S.D.N.Y. 1958). "If subsidiaries or controlled corporations possess the desired information and defendants' control over them is such that the information is 'available' to defendants, defendants may not refuse to answer because the source of the information is a separate corporate entity. If the information sought is not 'available' to defendants, they may so state." *Id.* at pg. 498; Greenbie v. Noble, 18 F.R.D. 414 (S.D.N.Y.1955); see Leonia Amusement Corp. v. Loew's, Inc., 18 F.R.D. 503 (S.D.N.Y.1955).

■ Defendant Rexall has admitted in its answer to plaintiff's complaint that Vantorex, Ltd. is its wholly-owned subsidiary and that Carnegies of Welwyn, Ltd., was, before it went out of business, wholly owned by Vantorex, Ltd.[1] Mead Johnson and Bristol-Myers admit that during the time covered by the complaint Mead Johnson exercised control over Societe Nogentaise De Produits Chemiques, S.A.[2] and they do not contend that similar control was not exercised over Labortoires Allard and Edward Dalton Company. Accordingly, any information which is available to defendants through these subsidiaries should be incorporated into defendants' answers to plaintiff's interrogatories.

■■ Plaintiff's interrogatories also contain the following instruction:

"In answering these interrogatories, each defendant is to include knowledge or information (a) obtained from interviewing grand jury witnesses; (b) contained in or derived from summaries of grand jury testimony; (c) obtained on defendants' behalf by counsel from defendants' officers or employees in preparing the defense in Criminal Action No. 68 Cr. 870, filed

---

1. Document No. 55.

2. Documents No. 52, 53.

in the United States District Court for the Southern District of New York on October 25, 1968."

It is clear that disclosure of grand jury testimony is permitted only where the party seeking such disclosure has demonstrated a "particularized need" for it. United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). No such showing has been made in this case. Plaintiff argues, however, that it is not seeking actual disclosure of grand jury testimony but rather information which defendants have regardless of the source of that information. While this is true, we nevertheless believe that to sustain plaintiff's instruction would be to allow him to obtain indirectly information which he could not obtain directly absent a showing of particularized need. We believe that that same standard should apply here. Moreover, setting aside considerations of the secrecy generally afforded to grand jury proceedings, we believe that plaintiff's instructions, which seek information derived from summaries of grand jury testimony and interviews of grand jury witnesses, are a request for discovery of defendants' work product.[3] Such discovery likewise requires a showing of need. F.R.Civ.Pro. 26(b) (3).

Accordingly, we conclude that plaintiff's instruction is improper. We are disinclined, however, to sustain defendants' objections to the interrogatories on that ground. Rather we shall direct defendants to answer the interrogatories without regard to the instruction. Our order will be without prejudice to plaintiff's right to subsequently obtain the information which it now seeks upon an appropriate showing of need.

[3]. Information obtained by defendants' counsel from defendants' officers or employees would likewise be covered by the work product principle and might, depending upon the nature of the communication and the decision making authority of the employee, be protected by the attorney-client privilege. See City of Philadelphia v. Westinghouse Electric Corporation, 210 F.Supp. 483, 485 (E.D. Pa.1962).