**COOPER INDUSTRIES, INC., Plaintiff,**

v.

**BRITISH AEROSPACE, INC.,
Defendant.**

**No. 83 Civ. 6366 (DNE).**

United States District Court,
S.D. New York.

Aug. 28, 1984.

McCoy & Agoglia, P.C., Robert Murphy, Mineola, of counsel, for plaintiff.

Mendes & Mount, James Finnerty, New York City, of counsel, for defendant.

ORDER

EDELSTEIN, District Judge:

Plaintiff seeks to recover based upon strict liability and negligence in design for fire damage to an aircraft that plaintiff's predecessor purchased from defendant, British Aerospace, Inc. Plaintiff sought the production of certain documents that defendant asserted were not in its possession. Plaintiff believes, and defendant has not denied, that the documents are in the possession of defendant's British affiliate, British Aerospace Public Limited Co. ("British affiliate").

Defendant has now moved for a protective order based upon the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters, and plaintiff has cross-moved to compel production and for sanctions.

■ Defendant has waived any right to claim protection under the Hague Convention. Defendant made no effort to seek protective relief when the discovery request was served upon it. It simply failed to respond with respect to the British affiliate. Plaintiff was forced to request a con-

ference on this matter. On April 12, 1984 at a pretrial conference defendant did not raise the Hague Convention, and the court ordered defendant either (1) to produce the documents if they were in its possession or in the possession of its British affiliate, or (2) if they were not found, to submit a detailed affidavit to the court explaining what steps were taken to find the documents, why they could not be found, what steps were taken to determine what had happened to them, and what the investigation revealed had happened to them.

Defendant, in defiance of this order, neither produced the documents, nor submitted the affidavit, nor sought any relief from the court. At plaintiff's request another pretrial conference was held on June 21, 1984. The court expressed to defendant its extreme dissatisfaction with defendant's failure to comply with the order. Defendant, for the first time, raised the argument that the discovery of these documents must be conducted under the procedures of the Hague Convention because the British affiliate is a foreign corporation and not a party to this action. The court found that defendant had waived its right to raise that basis for protection. The court found further that the Hague Convention did not bar the discovery as ordered. The court again ordered defendant to comply.

Defendant again failed to produce the documents or submit the required affidavit to the court, but instead moved for a protective order based upon the Hague Convention. At this stage, near the end of discovery, it is not the time, as a matter of efficient judicial administration, to engender further delays by proceeding under the Hague Convention; defendant should have raised these concerns earlier. Furthermore, the court finds that defendant, by its conduct, has waived any right to assert the Hague Convention. *Murphy v. Reifenhauser KG Maschinefabrik*, 101 F.R.D. 360, 363 (D.Vt.1984) (waiver based on delay even where no misconduct or bad faith).[1]

■ Furthermore, defendant is wrong on the law. The cases cited by defendant on the Hague Convention are inapposite. The discovery demanded is proper under Fed.R. Civ.P. 34. The demand was made on defendant, a party to this action, for documents that are in its "possession or control."

■ Documents need not be in the possession of a party to be discoverable, they need only be in its custody or control. *Fleming v. Gardner*, 84 F.R.D. 217, 217–18 (E.D.Tenn.1979); *Hubbard v. Rubbermaid, Inc.*, 78 F.R.D. 631, 635–37 (D.Md.1978); *Advance Labor Service, Inc. v. Hartford Accident and Indemnity Co.*, 60 F.R.D. 632, 633–34 (N.D.Ill.1973).

The documents involved here are within the defendant's custody. The defendant sells and services planes to which the documents, mostly service manuals and blueprints, relate. The British affiliate is the manufacturer of these planes. When this law suit was filed, defendant was wholly owned by the British affiliate. Essentially defendant is the distributor and servicer in the United States of the British affiliate's planes.

Early in this law suit, when plaintiff attempted to obtain these documents from the British affiliate, counsel for defendant instructed plaintiff to make all such requests through him because he represented the British affiliate. *See* letter dated Nov. 2, 1983, Exhibit 5 to Affidavit of Robert S. Murphy in support cross motion, sworn to July 24, 1984 ("Murphy Affidavit"). In the contract of sale for the plane in question, defendant describes itself as an "affiliated company" of the British affiliate. *See* Exhibit 14 to Murphy Affidavit.

The documents plaintiff seeks all relate to the planes that defendant works with every day; it is inconceivable that defendant would not have access to these documents and the ability to obtain them for its

---

**1.** The court recognizes that not only defendant, but the British government also, has an interest in the application of the Hague Convention.

That interest must be considered under the principles of comity, which this court considers *infra*.

usual business.[2] Defendant has submitted nothing more than conclusory statements to show that these documents are not in its custody or control.

The fact that the documents are situated in a foreign country does not bar their discovery. *Marc Rich & Co. v. United States*, 707 F.2d 663, 667 (2d Cir.1983) (grand jury investigation), *cert. denied*, — U.S. —, 103 S.Ct. 3555, 77 L.Ed.2d 1400; *United States v. First National City Bank*, 396 F.2d 897, 900–01 (2d Cir.1968) (grand jury investigation). These cases involving grand jury investigations are nonetheless applicable to the case at bar. The weighty needs of a criminal matter are merely one factor to consider by a court in determining, within the principles of comity, whether to allow this sort of discovery pursuant to Fed.R.Civ.P. 34. *Murphy, supra*, 101 F.R.D. at 363.

On balance Fed.R.Civ.P. 34 is the appropriate mechanism. The production demanded here does not infringe on British Sovereignty as it calls merely for documents, not a personal appearance. *Id.* Defendant cannot be allowed to shield crucial documents from discovery by parties with whom it has dealt in the United States merely by storing them with its affiliate abroad. Nor can it shield documents by destroying its own copies and relying on customary access to copies maintained by its affiliate abroad. If defendant could so easily evade discovery, every United States company would have a foreign affiliate for storing sensitive documents. Defendant has improperly resisted the orders of this court.

Furthermore, in defendant's moving papers and reply papers it has preoccupied itself with purported discovery malfeasances by plaintiff during the conduct of this litigation. These allegations, even if true, are entirely unrelated to the issue at hand. Interjecting them here constitutes a bla-tant, improper attempt to obfuscate the issues before the court.

Defendant must produce the documents demanded if the documents are found either in defendant's possession or in the possession of the British affiliate. Specifically defendant must produce documents as follows:

With respect to discovery demands dated December 12, 1983, defendants must produce: on demand 9(a), documents of title; on demand 10, documents in compliance—defendant's statement already produced is not responsive; on demand 11 the British affiliate's version of the manual unless it is exactly identical to what defendant has already produced, in which case defendant must so state; on demand 12, defendant's statement is satisfactory and defendant will be bound by it; on demand 15, the name of the designer(s) and the blueprints.

With respect to discovery demands dated April 10, 1983, defendant must comply with the outstanding demands, 4 and 5.

With respect to discovery demands dated June 26, 1983, defendant must comply fully.

If these documents are not found, defendant must submit a *detailed* affidavit to the court explaining what steps were taken to find the documents, why they could not be found, what steps were taken to determine what had happened to them, and what the investigation revealed happened to them.

This court might have narrowed these demands, on grounds other than the Hague Convention, had defendant raised them. At this stage, however, and after defendant's course of conduct, this court is not inclined to order anything but full compliance. Defendant shall have three weeks from the entry of this order to comply herewith, and thereafter shall be assessed $500 per day payable as a fine into the registry of the court, until compliance is complete. Discovery is extended for the

---

**2.** The documents and records that a corporation requires in the normal course of its business are presumed to be in its control unless the corporation proves otherwise. Any other rule would allow corporations to improperly evade discovery. *Cf. In re Ironclad Mfg. Co.*, 201 F. 66, 68 (2d Cir.1912).

purpose of defendant's production of these documents.

Plaintiff is awarded the costs of opposing defendant's motion and the costs of its cross motion. Plaintiff's motion to strike the answer is denied.

SO ORDERED.