### In re AIR CRASH AT DALLAS/FORT WORTH AIRPORT ON AUGUST 2, 1985.

#### MDL No. 657.

United States District Court, N.D. Texas, Fort Worth Division.

Aug. 10, 1987.

America. In Request No. 42 of Delta's First Request for Production of Documents, Delta requested that the United States of America produce:

> "Any and all notes, diagrams, photographs, memoranda or other documents or writings related to or arising out of the investigation of the crash prepared or compiled by any persons", including nine named members of the NTSB technical panel and "[a]ny other employee or agent of the United States of America."

The United States of America has objected to such request, citing as its main reason the fact that the National Transportation Safety Board ("NTSB") is an independent agency over which the U.S.A. has no enforcement power. The NTSB, not a party to this lawsuit, filed an *ex parte* brief in support of its position that such materials not be disclosed.

 It is clear that the NTSB is an entirely autonomous entity, not subject to any other executive agency. 49 U.S.C. § 1901. It is undisputed that the NTSB has sole and exclusive control over the analysis reports and other materials requested by Delta and therefore, the U.S.A. cannot produce such reports. *M.L.C., Inc. v. North American Phillips Corp.,* 109 F.R.D. 134, 136 (S.D.N.Y.1986); *Cooper Industries, Inc. v. British Aerospace, Inc.,* 102 F.R.D. 918 (S.D.N.Y.1984). The only appropriate means to compel a non-party, such as the NTSB, to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure. Even assuming that Delta has complied with these formalities, a substantial question exists as to whether such reports are discoverable.

Head of Plaintiffs' Steering Committee: Windle Turley, Dallas, Tex., for plaintiff.

John Martin, Frank Finn, Thompson & Knight, Dallas, Tex., for Delta Air Lines, Inc.

## ORDER

BELEW, District Judge.

Pending before this Court is Delta Air Lines, Inc.'s Motion to Compel Production of Documents by the United States of

 In order to insure that the NTSB neither exerted an undue influence upon, nor was influenced by, civil litigation arising from transportation accidents Congress enacted the following provision:

> No part of any report or reports of the Board relating to any accident or investigation thereof, shall be admitted as evidence or used in any suit or action for

damages growing out of any matter mentioned in such report or reports. 49 U.S.C. §§ 1441(e), 1903(c).

The NTSB has disclosed all factual reports to Delta; Delta has received a certified copy of the public docket. Delta now seeks to compel production of pre-decisional analytical documents. A regulation exists concerning the discoverability of such materials; it provides:

(a) Any record prepared by a Board employee for internal Government use is within the statutory exemption [from disclosure] to the extent that it contains—

(1) Opinions made in the course of developing official action by the Board but not actually made a part of that official action, or

(2) Information concerning any pending Board proceeding, or similar matter, including any claim or other dispute to be resolved before a court of law, administrative board, hearing officer, or contracting officer.

(b) The purpose of this section is to protect the full and frank exchange of ideas, views, and opinions necessary for the effective functioning of the Government. These resources must be fully and readily available to those officials upon whom the responsibility rests to take official Board action....

(c) Examples of materials covered by this section include staff papers containing advice, opinions, or suggestions preliminary to a decision or action.

49 C.F.R. § 801.54

The NTSB has provided the requested documents to the Court for *in camera* inspection. After careful consideration of the materials, the Court finds that such materials are privileged and exempt from public disclosure. The materials submitted for *in camera* inspection contained preliminary opinions by the Board members which were not necessarily adopted and used in the NTSB's final public report.

Based upon the foregoing discussion, it is ORDERED that Delta's Motion to Compel the Production of these documents from the U.S.A. be hereby DENIED.

IT IS SO ORDERED.