Eric R. Lamison of Kirkland & Ellis, San Francisco, CA, for Infineon Technologies North America Corp.

CHOICE–INTERSIL MICROSYSTEMS, INC, et al., Plaintiffs,

v.

AGERE SYSTEMS, INC, Defendant.

No. C 04–0153 MISC MMC(JL).

United States District Court, N.D. California.

Sept. 30, 2004.

### DISCOVERY ORDER GRANTING IN PART AND DENYING IN PART DOCKET # 1

LARSON, United States Magistrate Judge.

#### INTRODUCTION

Plaintiff's Motion to Compel Production of Documents and to Continue 30(b)(6) Deposition was heard September 22, 2004. Scott R. Mosko appeared on behalf of Plaintiff, Choice–Intersil Systems, and Eric R. Lamison appeared on behalf of third-party, Infineon Technologies North America Corp. The pleadings and the record in the matter having been fully considered, and good cause appearing,

IT IS HEREBY ORDERED that the motion is granted with respect to documents relating to WMAC products, and denied with

respect to documents dealing exclusively with the PHY chip. This order is limited to additional documents in Infineon AG's possession that are related to WMAC technologies. Infineon NA shall provide all documents in Infineon AG's possession that relate to or deal with WMAC technologies within thirty days of the service of this order. Plaintiff's request for continued deposition is denied because the deposition subpoena did not request a person most knowledgeable with respect to Infineon NA's corporate relationship with Infineon AG, which is the information Choice seeks to address in the continued deposition.

## FACTUAL BACKGROUND

Choice–Intersil Microsystems, Inc. ("Choice") and Agere System's ("Agere") jointly researched and developed an 802.11 conformant wireless medium access controller ("WMAC") chip for use in wireless communications in local area networks. This agreement included a non-disclosure provision that protected as confidential the information exchanged between Choice and Agere. Agere subsequently entered into a separate joint development agreement with third party Infineon Technologies ("Infineon") to develop a wireless LAN component known as a "PHY chip." Infineon is a worldwide corporation with corporate offices in Germany ("Infineon AG") and several wholly owned subsidiaries, one of which is located in San Jose ("Infineon NA"). Choice now believes that Agere, as a result of its relationship with Infineon, disclosed to Infineon—Choice's confidential information that was protected by the Choice/Agere agreement. As a result, Choice filed suit against Agere in the Eastern District of Pennsylvania for breach of contract and trade secret misappropriation.

## PROCEDURAL BACKGROUND

This motion relates to documents located in the Northern District of California in connection with this lawsuit between Choice and Agere in the Eastern District of Pennsylvania. Choice issued a document subpoena and a Rule 30(b)(6) deposition notice to CT Corporation, a limited purpose statutory agent, which counsel for Infineon concedes has approval to accept service of process directed to Infineon NA. The subpoena requested documents relating to WMAC from both Infineon NA and Infineon AG. Infineon AG did not respond to the subpoena.

Choice filed this motion to compel in an effort to obtain documents from Infineon AG, as well as any other documents that Infineon NA previously withheld. Choice also requested a continuation of the 30(b)(6) deposition of Benno Ritter.

## THIS MOTION

Choice asks the court to compel Infineon NA to produce documents on behalf of Infineon AG. Infineon NA objects to producing those documents on the basis that the requested documents are irrelevant, and that the two companies are distinct entities. Infineon NA maintains that it does not have control over documents in the possession of Infineon AG. The court finds this argument to be unpersuasive. The court agrees that documents dealing solely with the PHY chip are irrelevant, but orders Infineon NA to produce documents in Infineon AG's possession that deal with WMAC.

The court bases its determination, in part, on testimony offered by Choice at oral argument. Mr. Wilson, co-counsel for Choice, testified that the two chips, WMAC and PHY, interface each other when sold as a chipset. He further testified that the functions of the two chips are completely different from one another. This is consistent with the finding of the Pennsylvania court, which determined that the joint-development plan of the PHY chip was unrelated to WMAC and irrelevant to this litigation.

This court finds that Infineon NA has access and control over documents possessed by Infineon AG based on the following: (1) Infineon NA is a wholly-owned subsidiary of Infineon AG; (2) were it not for changes in market conditions, Infineon NA would have marketed this product in North America; (3) Infineon NA and Infineon AG share databases dealing with a variety of documents did records; and (4) upon demand, Infineon NA was able to obtain high-level documents from

Infineon AG related to the marketing of the chip. These findings are dispositive under *Camden Iron & Metal v. Marubeni America,* 138 F.R.D. 438 (1991).

During oral argument, counsel for third-party Infineon NA cited *Securities and Exchange Commission v. Credit Bancorp* 194 F.R.D. 469 (S.D.N.Y.2000) for the proposition that it should not be required to produce documents on behalf of Infineon AG. The language relied upon by counsel for Infineon first appeared in *Cooper v. British Aerospace* 102 F.R.D. 918 (S.D.N.Y.1984), in which the court required an American corporation to produce documents on behalf of its British affiliate because it was "inconceivable that defendant would not have access to [the] documents and the ability to obtain them for its usual business." *Id.,* at 919–920 (S.D.N.Y.1984). The court in *Cooper* based its decision, in part, on the fact that the American corporation was the distributor and servicer of the British affiliate's product in the United States.

In the case at bar, Infineon NA was scheduled to be the North American distributor of Infineon AG's product; therefore, counsel argues that the case should be distinguished on the basis that Infineon NA was not ever planning to *service* Infineon AG's product. This court does not find that argument persuasive, and believes that since Infineon NA had the apparent ability to obtain high level documents relating to the marketing of the product, it could also obtain documents relating to the technical development of the product if it chose to request them from Infineon AG.

In order to protect the business interests of Infineon NA and Infineon AG, any documents produced will be subject to the protective order issued out of the Eastern District of Pennsylvania.

## CONCLUSION

Infineon NA is hereby ordered to produce all documentation that references WMAC technologies which are in the possession of Infineon AG. Choice's Motion to Compel is GRANTED with respect to these documents, and its Motion to Continue Deposition is hereby DENIED.