Jennifer COSTA, on behalf of herself
and all others similarly situated,
Plaintiff,

v.

**KERZNER INTERNATIONAL RESORTS, INC.,** Kerzner International North America, Inc., Kerzner International Marketing, Inc., and PIV Inc., d/b/a Destination Atlantis, Defendants.

No. 11–60663–CIV.

United States District Court,
S.D. Florida.

Nov. 17, 2011.

D. Gregory Blankinship, Jeffrey I. Carton, Michael A. Berg, Meiselman Denlea, Packman, Carton & Eberz, P.C., White Plains, NY, Kevin Bruce Love, Criden & Love PA, South Miami, FL, for Plaintiff.

Bruce Scott Liebman, Akerman Senterfitt & Eidson, Fort Lauderdale, FL, Connie J. Wolfe, Roxane A. Polidora, Pillsbury Winthrop Shaw Pittman, LLP, San Diego, CA, for Defendants.

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

BARRY S. SELTZER, United States Magistrate Judge.

THIS CAUSE is before the Court on Plaintiff's Motion and Incorporated Memorandum of Law in Support of Her Motion to Compel (DE 42) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 4). Specifically, Plaintiff Jennifer Costa ("Plaintiff") has filed a motion pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Southern District of Florida Local Rules 7.1 and 26.1, to compel Defendants Kerzner International Resorts, Inc. ("Kerzner Resorts"), Kerzner International North America, Inc. ("Kerzner North America"), Kerzner International Marketing, Inc. ("Kerzner Marketing"), and PIV Inc., d/b/a Destination Atlantis ("PIV") to (1) produce documents responsive to each of Plaintiff's Document Requests (except Number 13); and (2) supplement their responses to Plaintiff's Interrogatories Nos. 2, 3, 6, 7 and 10, with documents and information in the possession, custody, or control of Defendants' affiliated corporations Kerzner International Limited ("Kerzner International"), Kerzner International Bahamas Limited ("Kerzner Bahamas"), and Island Hotel Company Ltd. ("Island Hotel") (collectively the "Bahamian Affiliates"). Plaintiff further seeks an award of attorneys' fees in connection with her motion. At issue is the scope of Plaintiff's Document Requests and Interrogatories; specifically, whether the reach of Fed. R.Civ.P. 33 and 34 extends to documents and information in the physical possession of Defendants' Bahamian Affiliates. The Court having considered the briefed Motion (DE 42, DE 43, DE 50, and DE 53) and being otherwise fully advised, it is hereby ORDERED that the Motion is GRANTED in PART as set forth below.

### BACKGROUND

This case is about the collection and distribution of a "mandatory housekeeping gratuity and utility service fee" that Defendants allegedly charged members of the proposed class in connection with their stay at the Atlantis Resort in the Bahamas. Plaintiff alleges that the imposition of this charge is unfair and deceptive because it is not entirely given to housekeepers as a "gratuity" or used to pay utilities, but is instead deceptively used for other (undisclosed) purposes. Amended Complaint ¶ 2 (DE 28).

On July 13, 2011, Plaintiff served her First Set of Requests for the Production of Documents and First Set of Interrogatories upon Defendants, and Defendants served their responses and objections on August 22, 2011. Defendants objected to the majority of Plaintiff's Requests for Production and Interrogatories on the basis that they call for documents and information allegedly not in Defendants' possession, custody, or control but instead in the possession, custody, or control of their Bahamian Affiliates.

Plaintiff thereafter filed the instant motion to compel, arguing that information and documents in the possession of a defendant's corporate affiliates are deemed to be in that defendant's control for purposes of Federal Rules of Civil Procedure 26, 33 and 34, particularly where, as Plaintiff alleges, the non-party affiliated corporations are intimately connected to, and enjoy the benefits of, the transaction at issue, and have a substantial stake in the outcome of the instant litigation. *See* Motion (DE 42) and Reply (DE 53). Defendants oppose Plaintiff's Motion. *See* Response (DE 50). They contend that they should not be compelled to produce documents and information from their Bahamian Affiliates because they lack the requisite control; they further contend that Plaintiff should avail herself of the Hague Convention procedures for acquiring discovery from foreign entities. *See id.*

### DISCUSSION

Federal Rule of Civil Procedure 34(a) governs the production of documents in civil matters. Pursuant to Rule 34(a), a party must produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control[.]" Fed.R.Civ.P. 34(a). Whether documents are in a parties control under Rule 34 is broadly construed.

*See, e.g., Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir.1984) (finding that "[c]ontrol is defined not only as possession, but as the legal right to obtain documents requested upon demand"); *Jans ex rel. Jans v. The GAP Stores, Inc.,* No. 05–1534, 2006 WL 2691800, at *2 (M.D.Fla. Sept. 20, 2006) (emphasizing that the "term 'control' is broadly construed"). "Control," therefore, does not require that a party have legal ownership or actual physical possession of the documents at issue; indeed, documents have been considered to be under a party's control (for discovery purposes) when that party has the "right, authority, or practical ability to obtain the materials sought on demand." *Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.,* No. 09–599, 2010 WL 4853891, at *3 (M.D.Fla. Nov. 22, 2010) (internal quotations omitted; citing *In re Wright,* No. 04–94519, 2005 WL 6488101, at *3 (N.D.Ga. Aug. 9, 2005); *Searock,* 736 F.2d at 650; and *Fin. Bus. Equip. Solutions, Inc. v. Quality Data Systems, Inc.,* No. 08–60769, 2008 WL 4663277, at *2 (S.D.Fla. Oct. 21, 2008)); *Soliday v. 7–Eleven, Inc.,* No. 09–807, 2010 WL 4788041, at *2 (same); *see also Anz Advanced Technologies v. Bush Hog, LLC,* No. 09–00228, 2011 WL 814663, at *9 (S.D.Ala. Jan. 26, 2011) (" '[C]ontrol' has been 'construed broadly by the courts' to include not just a legal right, but also a 'practical ability to obtain the materials' on demand.") (internal citations omitted).[1]

■ Furthermore, as with Rule 34, a party must provide information in response to a Rule 33 interrogatory if such information is under its control. *See Ferber v. Sharp Electronics Corp.,* No. 84 Civ. 3105(RO), 1984 WL 912479, at *1 (S.D.N.Y. Nov. 28, 1984) ("[I]n response to interrogatories, a party is required only to furnish such information as is available to it . . . if a party can obtain the information from sources under its control, it may not avoid answering by alleging ignorance.") (internal citation and quotation omit-

ted). Indeed, it is well-established that Rules 33 and 34 are "equally inclusive in their scope." *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 513 (4th Cir. 1977). As such, the principles governing Defendants' obligation to respond to Plaintiff's interrogatories is the same as those governing Defendants' obligation to respond to Plaintiff's document requests. *See Sol S. Turnoff Drug Distributors Inc. v. N.V. Nederlandsche Combinatie,* 55 F.R.D. 347, 349 (E.D.Pa.1972) (corporation must respond to discovery on behalf of subsidiaries or predecessor corporations); *see also Brunswick Corp. v. Suzuki Motor Co., Ltd.,* 96 F.R.D. 684, 686 (E.D.Wis.1983) ("Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from sources under its control. If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance.") (internal citation omitted).

■ In determining whether a party has control over documents and information in the possession of nonparty affiliates, the Court must look to: (1) the corporate structure of the party and the nonparties; (2) the nonparties' connection to the transaction at issue in the litigation; and (3) the degree to which the nonparties benefit from the outcome of the litigation. *See Steele Software,* 237 F.R.D. at 564; *see also* Motion at 7 (DE 42); Response at 9 (DE 50). "Numerous courts have addressed the concept of 'control' as between corporate entities; virtually all of the published decisions have required production by the nonparty corporation." *Mt. Hawley Ins. Co. v. Felman Prod., Inc.,* 269 F.R.D. 609, 617 (S.D.W.Va.2010). Here, each relevant factor militates in favor of granting Plaintiff's motion to compel.

■ As to the first factor, Defendants and their Bahamian Affiliates are all wholly owned by one entity (Kerzner Holdings Limited), part of a unified corporate structure.

---

1. Significantly, under this principle, discovery can be sought from one corporation regarding materials that are in the physical possession of another, affiliated corporation. *See Desoto Health,* 2010 WL 4853891, at *3 (ordering the production of documents in the possession of related companies); *see also Steele Software Sys-*

*tems v. DataQuick,* 237 F.R.D. 561, 564 (D.Md. 2006) (ordering production of documents in possession of affiliated corporation); *Uniden America Corp. v. Ericsson, Inc.,* 181 F.R.D. 302, 305 (M.D.N.C.1998) (compelling the defendant to obtain documents from non-party foreign sister corporation).

Courts have consistently held that "control" exists "where the party and its related non-party affiliate are owned by the same individual." *Steele Software*, 237 F.R.D. at 564; *see also Uniden America Corp.*, 181 F.R.D. at 305; *Alimenta (U.S.A.), Inc. v. Anheuser–Busch Companies, Inc.*, 99 F.R.D. 309, 314 (N.D.Ga.1983) (compelling production of documents in possession of non-party sister corporation); *Perini America, Inc. v. Paper Converting Machine Company*, 559 F.Supp. 552, 553 (E.D.Wis.1983) (ordering plaintiff to produce documents in the possession of its foreign sister corporation). Furthermore, a subsidiary has access to and control over documents held by a foreign parent corporation, particularly when there is a close working relationship on a common transaction and the subsidiary could easily obtain the documents when it is in its interest to do so. *See, e.g., In re Subpoena Duces Tecum to Ingeteam, Inc.*, No. 11–36, 2011 WL 3608407, at *1–2 (E.D.Wis. Aug. 16, 2011) (granting motion to compel production of documents held by foreign parent); *Flavel v. Svedala Indus., Inc.*, No. 92–1095, 1993 WL 580831, at *4–5 (E.D.Wis. Dec. 13, 1993) (granting motion to compel documents possessed by the defendant's parent); *Cooper Industries, Inc. v. British Aerospace*, 102 F.R.D. 918, 919–20 (S.D.N.Y.1984) (granting motion to compel materials held by corporate parent and holding that "[t]he fact that the documents are situated in a foreign country does not bar their discovery"); *Ferber*, 1984 WL 912479, at *1 (granting motion to compel production of documents and answers to interrogatories that were in possession of corporate parent).

It is also apparent that there are financial and operational interactions between Defendants and their Bahamian Affiliates. Defendants Kerzner Resorts and PIV state that they transfer the charges and fees ostensibly collected for housekeeping gratuities and utility payments to Island Hotel. *See* Motion at 10 (DE 42); Defendants' Responses to Plaintiff's Interrogatories Nos. 3 and 6–8 (DE 43). Thus, the companies from which Plaintiff is seeking discovery share commonality in their corporate structure and operations sufficient to require Defendants to produce all responsive documents in the possession, custody, or control of their Bahamian Affiliates. *See, e.g. Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08–16, 2009 WL 2408898, at *1 (E.D.Wis. July 31, 2009) (ordering production of documents from four affiliated companies where corporations were members of "a labyrinthine group of corporations" with a common parent).

In *Appleton Papers*, the court described Appleton Coated LLC, as "a member of a labyrinthine group of corporations under the ownership of a company called Sequana, S.A., a French paper company." *Id.* at *1. The court held that the "[d]efendants have established that there is sufficient intermingling of resources and efforts here such that one could reasonably expect that Appleton Coated LLC has the ability to obtain documents from [the affiliated corporation]." *Id.* at *1–2. In support of this holding, the court noted that the companies "are united in a shared business purpose," *id.* at *3, just as Defendants and their Bahamian Affiliates share the same business purpose (selling resort vacations). *See also Uniden America Corp.*, 181 F.R.D. at 307 (ordering production of documents from sister corporation without evidence of any board overlap, where the "evidence shows a collaboration" between the corporations "based on a general shared interest in the underlying business transaction" and there was a "general collaboration of business interests and sharing of documents").

■ As to the second factor, the Bahamian Affiliates are directly connected to the transactions at issue here. In response to Plaintiff's discovery requests relating to the "mandatory housekeeping gratuities and utility service fees," Defendants stated that "such sums are transferred to the Island Hotel Company" or that they "distribute" the fee to Island Hotel. *See* Motion at 12 (DE 42); Defendants' Responses to Plaintiff's Interrogatories Nos. 3 and 6–8 (DE 43). Furthermore, it appears that cooperation between Defendants and their Bahamian Affiliates is indispensable for the completion of the transaction: Defendants impose and collect the "mandatory housekeeping gratuity" and the Bahamian Affiliates distribute those funds. *Id.*

In *Cooper Industries, Inc. v. British Aerospace*, the court held that the defendant was obligated to produce documents in the possession of an affiliated British company, focusing on the party's likely access to documents in the ordinary course of business. 102 F.R.D. at 919–20. Opining that "it is inconceivable that defendant would not have access to these documents and the ability to obtain them for its usual business," the court held:

> The fact that the documents are situated in a foreign country does not bar their discovery.... Defendant cannot be allowed to shield crucial documents from discovery by parties with whom it has dealt in the United States merely by storing them with its affiliate abroad ... if defendant could so easily evade discovery, every United States company would have a foreign affiliate for storing sensitive documents.

*Id.* at 920. Given their established corporate and transactional connections, it is similarly unlikely that Defendants do not have access to and the ability to obtain documents and information in the possession of their Bahamian Affiliates. *See, e.g., Uniden America Corp.*, 181 F.R.D. at 307 (ordering production of documents from sister corporation where there was a "general collaboration of business interests and sharing of documents"); *Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 176 F.R.D. 75, 79 (W.D.N.Y.1996) (compelling production where party and nonparty had "regular contact").

As to the third factor, as the parent company of Defendants and their Bahamian Affiliates, Kerzner International (and by extension its subsidiaries), has a direct financial interest in the outcome of the litigation, as it may ultimately be responsible for damages to the Class. Plaintiff, therefore, has sufficiently demonstrated that Defendants "control" the requested documents and information in the possession, custody, or control of their Bahamian Affiliates.[2]

And finally, the Court is not persuaded that Plaintiff must first resort to the Hague Convention to obtain the requested discovery from Defendants. The Hague Convention on Taking Evidence Abroad provides procedures for judicial authorities of one signatory country to use in requesting evidence located in another signatory country. In *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987), the Supreme Court addressed the interaction between the procedures provided for by the Hague Convention and the Federal Rules of Civil Procedure. The Supreme Court explained that the Hague Convention "was intended as a permissive supplement, not a preemptive replacement, for other means of obtaining evidence located abroad." *Id.* at 536, 107 S.Ct. 2542. The Supreme Court rejected the precise argument advanced by Defendants here that parties must resort to Hague Convention procedures first, prior to utilizing the procedures made available by the Federal Rules of Civil Rules. *Id.* at 542, 107 S.Ct. 2542 ("Nevertheless, we cannot accept petitioners' invitation to announce a new rule of law that would require first resort to Convention procedures whenever discovery is sought from a foreign litigant.").

The holding of *Societe Nationale* has been followed in circumstances almost identical to those before this Court. In *Alcan*, the Court required a (domestic) party to produce documents in the possession of its nonparty foreign affiliate where they were "corporate members of a unified worldwide business entity ... under common control." 176 F.R.D. at 78–79. The Court rejected the argument that the party seeking production was required to resort to the Hague Convention, holding that "[t]he ordinary discovery provisions of the Federal Rules of Civil Procedure, rather than the more complicated procedures of the Hague Convention, generally apply to the discovery of information in the custody or control of a party's foreign affiliate." *Alcan*, 176 F.R.D. at 78 (citing *Societe Nationale*, 482 U.S. 522, 107 S.Ct. 2542). "This is true" even where "the information or witness is located in a foreign

---

2. The burden is on the party seeking discovery to establish that the opposing party has "control" over documents held by an affiliate. *See U.S. v.* *Int'l Union of Petroleum and Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir.1989).

country." *Alcan,* 176 F.R.D. at 78 (citing *Cooper Industries,* 102 F.R.D. at 919–20).[3] Plaintiff may, therefore, pursue the requested discovery through the Federal Rules of Civil Procedure.

## CONCLUSION

Accordingly, based on the forgoing, it is here by ORDERED that Plaintiff's Motion and Incorporated Memorandum of Law in Support of Her Motion to Compel (DE 42) is GRANTED in PART and DENIED in PART as follows:

1.  Plaintiff's Motion is GRANTED to the extent that Defendants shall provide within thirty (30) days of the issuance of this Order all documents that are in the possession of Defendants' Bahamian Affiliates responsive to each of Plaintiff's document requests (except Number 13) contained in Plaintiff's First Set of Requests for the Production of Documents; and within thirty (30) days of the issuance of this Order, Defendants shall supplement their responses to Plaintiff's Interrogatories Nos. 2, 3, 6, 7 and 10, contained within Plaintiff's First Set of Interrogatories to Defendants, with information in the possession of Defendants' Bahamian Affiliates.

2.  Plaintiff's Motion is DENIED in all other respects.

---

3.  Defendants cite *Calixto v. Watson Bowman Acme Corp.,* No. 07–60077, 2009 WL 3823390 (S.D.Fla. Nov. 16, 2009), arguing that where evidence is sought from a foreign nonparty, "the Hague Convention sets forth the applicable manner of proceeding." Response at 5 (DE 50). Plaintiff, however, is not seeking evidence from a foreign nonparty, but is instead seeking evidence that is in the control of a domestic party to litigation in the United States. Here, the physical location of the discovery just happens to be abroad. In this circumstance, Plaintiff need not resort to the Hague Convention and is free to pursue such discovery through the Federal Rules of Civil Procedure. *Alcan,* 176 F.R.D. at 78 (citing *Cooper Industries,* 102 F.R.D. at 919–20).